IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re:<br><br>TXCO RESOURCES INC., *et al.,*<br><br>Debtors. | § § § § § § § | CHAPTER 11 CASE<br><br>CASE NO. 09-51807<br><br>Jointly Administered |

**MOTION FOR ORDER AUTHORIZING
RETENTION OF PROFESSIONALS UTILIZED BY
THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON JULY 20, 2009 AT 9:30 AM IN COURTROOM 3, UNITED STATES COURTHOUSE, 615 E. HOUSTON ST., SAN ANTONIO, TEXAS 78205.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

TXCO Resources Inc. ("TXCO"), Eagle Pass Well Service, L.L.C. ("Eagle Pass"), TXCO Drilling Corp. ("Drilling"), Charro Energy Inc. ("Charro"), Texas Tar Sands Inc. ("Tar Sands"), TXCO Energy Corp. ("Energy"), Output Acquisition Corp. ("Output"), OPEX Energy, L.L.C. ("OPEX"), PPL Operating, Inc. ("PPL"), Maverick Gas Marketing, Ltd. ("Maverick Gas"), and Maverick-Dimmit Pipeline, Ltd. ("Maverick-Dimmit") (collectively, the "Debtors"),

the Debtors in the above captioned cases (the "Cases"), hereby file this *Motion for Order Authorizing Retention of Professionals Utilized by the Debtors in the Ordinary Course of Business* (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

## I. JURISDICTION, VENUE AND BACKGROUND

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On May 17, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

3. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed.

4. The office of the United States Trustee has appointed a committee of unsecured creditors (the "Committee").

5. The Court has entered an order jointly administering the Cases.

6. The statutory predicates for the relief requested herein are sections 105(a) and 327 of the Bankruptcy Code.

7. A further description of the background of the Debtors and the events leading up to the filing of the voluntary petitions by the Debtors, is provided in the Declaration of Albert S. Conly in Support of First Day Pleadings, which is incorporated by reference herein.

## II. RELIEF REQUESTED

8. The Debtors customarily retain various professionals to represent them in matters arising in the ordinary course of business (the "Ordinary Course Professionals"). A list of current Ordinary Course Professionals is attached as <u>Exhibit A</u> to the Motion, and such list may be edited or supplemented by the Debtors in the future.

9. By this Motion, the Debtors seek authorization (a) to retain the Ordinary Course Professionals pursuant to 11 U.S.C. §§ 105(a) and 327 without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional, and (b) to compensate the Ordinary Course Professionals for postpetition services rendered, subject to certain opportunities to object set forth below, without the necessity of additional Court approval.

10. Although certain of the Ordinary Course Professionals may not be "professional persons" as contemplated by section 327 of the Bankruptcy Code, out of an abundance of caution, the Debtors are asking this Court for an order authorizing the retention of all Ordinary Course Professionals.

## III. BASIS FOR RELIEF

11. Prior to the filing of their chapter 11 petitions, the Debtors employed, from time to time, Ordinary Course Professionals to render services relating to, among other things, human resources consulting, accounting and audit consulting, tax consulting, IT consulting, stock listing consulting, public relations and web page maintenance services, accounting and production software, legal services in pending litigation matters, and other matters requiring the expertise and assistance of professionals.

3

12.   The Debtors desire to continue to employ and retain Ordinary Course Professionals to render services that are similar to those rendered prior to the commencement of these chapter 11 Cases.  It would be costly and inefficient for the Debtors to submit individual applications and proposed retention orders to the Court for each such Ordinary Course Professional.

13.   The Debtors submit that the retention of the Ordinary Course Professionals and the payment of compensation on the basis set forth herein is in the best interest of the Debtors' estates.  While the Ordinary Course Professionals with whom the Debtors have previously dealt wish to continue to represent the Debtors on an ongoing basis, as they are not professionally active in bankruptcy cases, some might not be willing or able to do so if they are paid only through the Interim Fee Payment and Fee Application process, which limits the interim amount and the timing of payments for services.

14.   Moreover, if the expertise and background knowledge of certain of these Ordinary Course Professionals with respect to the particular areas and matters for which they were responsible prior to the Petition Date are lost, the estates undoubtedly will incur additional and unnecessary expenses because the Debtors will be forced to retain replacement professionals without such background and expertise.  It is therefore in the best interest of the Debtors' estates to avoid any disruption in the professional services required in the day-to-day operations of the Debtors' businesses.

A.   **Payment of Fees and Expenses**

15.   The Debtors propose that they be permitted to pay, without formal application to the Court by any Ordinary Course Professional, the fees and disbursements to each Ordinary Course Professional upon the submission by each Ordinary Course Professional to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered

after the Petition Date; provided that such fees and disbursements do not exceed the amounts budgeted for such expenditures in accordance with any orders approving postpetition financing or the Debtors' use of cash collateral.

### B. Additional Ordinary Course Professionals

16. The Debtors also request that they be authorized and empowered to employ and retain additional Ordinary Course Professionals needed by the Debtors in the ordinary course of their business without the need to file individual retention applications for each by filing a supplement (the "Supplement") to Exhibit A with the Court and serving the Supplement on the limited service list. The Supplement shall identify the proposed professional, describe the services to be performed for the estates, and describe in detail the compensation arrangement with the proposed ordinary course professional.

17. The Debtors propose that parties-in-interest shall have twenty (20) days after the receipt of any Supplement (the "Objection Deadline") to file with the Court an objection (the "Objection") to the retention of such Ordinary Course Professional. Such objecting party shall serve any such Objections upon the applicable Ordinary Course Professional and counsel for Debtors on or before the Objection Deadline.

18. If any such Objection cannot be resolved within ten (10) days following its filing, the matter shall be scheduled for hearing before the Court at the next omnibus hearing date or other date agreeable to the applicable Ordinary Course Professional, the Debtors, and the objecting party. If no Objection is filed and served by the Objection Deadline, or if any Objection is timely resolved as set forth above (and if an objection is filed and resolved, Debtors' counsel will file a Notice setting out the resolution of the objection), the Debtors request that, without further order of the Court, the employment, retention and compensation of such Ordinary Course Professional be deemed approved.

**C. Statement of Ordinary Course Professionals**

19. The Debtors further propose to file a statement with the Court approximately every 120 days, or such other period as the Court shall order, and serve such statement upon the United States Trustee, the Prepetition Lenders, the DIP Lender, and the Committee, a statement that includes the following information for each Ordinary Course Professional: (i) the name of such Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the 120 days; and (iii) a general description of the services rendered by each Ordinary Course Professional.

**IV. APPLICABLE AUTHORITY**

20. The Debtors do not believe that the Ordinary Course Professionals are "professionals," within the meaning of section 327 of the Bankruptcy Code, whose retention must be approved by the Court because (a) the nature of the work performed by the Ordinary Course Professionals is only indirectly related to the type of work carried out by the Debtors, (b) the degree of discretion afforded the Ordinary Course Professionals in performing such work is marginal and (c) the Ordinary Course Professionals will not be involved in the administration of these chapter 11 Cases. *See In re First Merchants Acceptance Corp.*, Case No. 97-1500, 1997 Bankr. LEXIS 2245, at *8-9 (Bankr. D. Del. Dec. 15, 1997).

21. The *First Merchants* criteria are consistent with those utilized by other courts when examining the types of duties to be undertaken by a "professional." *See*, *e.g., Elstead v. Nolden (In re That's Entertainment Mktg. Group)*, 168 B.R. 226, 230 (N.D. Cal. 1994) (only retention of professionals whose duties are central to administration of estate requires prior court approval under section 327); *In re Madison Management Group, Inc.*, 137 B.R. 275, 283

6

(Bankr. N.D. Ill. 1992) (same); *In re D'Lites of Am., Inc.*, 108 B.R. 352, 355 (Bankr. N.D. Ga. 1989) (section 327 approval not necessary for "one who provides services to debtor that are necessary regardless of whether petition was filed").

22. Nevertheless, out of an abundance of caution, the Debtors seek the relief requested herein to avoid any subsequent controversy as to the Debtors' employment and payment of the Ordinary Course Professionals during the pendency of these chapter 11 Cases. The Debtors shall seek specific Court authority under section 327 to employ any other professionals involved in the actual administration of these chapter 11 Cases.

23. The Debtors submit that their proposed employment of the Ordinary Course Professionals and the payment of compensation on the basis set forth above is in the best interests of the Debtors' estates and creditors.

24. Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their estates, creditors or shareholders.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) authorizing the Debtors to retain the Ordinary Course Professionals without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional; (ii) authorizing the Debtors to compensate the Ordinary Course Professionals for postpetition services rendered, subject to the limitations set forth above, without the necessity of additional Court approval; and (iii) granting such other and further relief as is just and proper.

Dated: June 18, 2009  Respectfully submitted,

**COX SMITH MATTHEWS INCORPORATED**

By: */s/ Patrick L. Huffstickler*
Deborah D. Williamson
State Bar No. 21617500
Patrick L. Huffstickler
State Bar No. 10199250
Lindsey D. Graham
State Bar No. 24055412
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500
(210) 226-8395 (Fax)

**ATTORNEYS FOR DEBTORS AND
DEBTORS-IN-POSSESSION**