# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re:** § | § | **CHAPTER 11 CASE** |
| **TXCO RESOURCES INC.,** *et al.,* § | § | **CASE NO. 09-51807** |
| Debtors. § | § | **Jointly Administered** |

**MOTION FOR ORDER PURSUANT TO 11 U.S.C. § 1121(d) EXTENDING EXCLUSIVE PERIODS DURING WHICH DEBTORS MAY FILE PLANS OF <u>REORGANIZATION AND SOLICIT ACCEPTANCES OF SUCH PLANS</u>**

>    A HEARING WILL BE CONDUCTED ON THIS MATTER ON SEPTEMBER 9, 2009 AT 9:30 A.M. IN COURTROOM 3, UNITED STATES COURTHOUSE, 615 E. HOUSTON ST., SAN ANTONIO, TEXAS 78205.
>
>    IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

TXCO Resources Inc. ("TXCO"), Eagle Pass Well Service, L.L.C. ("Eagle Pass"), TXCO Drilling Corp. ("Drilling"), Charro Energy Inc. ("Charro"), Texas Tar Sands Inc. ("Tar Sands"), TXCO Energy Corp. ("Energy"), Output Acquisition Corp. ("Output"), OPEX Energy, L.L.C. ("OPEX"), PPL Operating, Inc. ("PPL"), Maverick Gas Marketing, Ltd. ("Maverick Gas"), and Maverick-Dimmit Pipeline, Ltd. ("Maverick-Dimmit") (collectively, the "Debtors"), the Debtors in the above captioned cases (the "Cases"), hereby move for entry of an order pursuant to 11 U.S.C. § 1121(d) extending the exclusive periods during which the Debtors may

file plans of reorganization and solicit acceptances of such plans, through and including January 29, 2010, and March 29, 2010, respectively. In support of this Motion, the Debtors respectfully represent as follows:

## I. PRELIMINARY STATEMENT

1.     The Debtors commenced their chapter 11 cases on May 17, 2009 (the "Petition Date") because of a liquidity crisis caused by the precipitous decline in commodity prices. As the Court is aware, the Debtors' chapter 11 cases are large and complex. The Debtors' estimated liabilities as of the Petition Date were $327 million. This includes a $50 million senior revolving credit facility (the "Revolver Loan") with certain lenders (the "Revolver Lenders"). The obligations under the Revolver Loan are secured by a first priority, senior lien on a significant portion of the real and personal property assets of TXCO and its subsidiaries. Additionally, the Debtors have a $100 million term loan (the "Term Loan") with certain lenders (the "Term Loan Lenders"). The obligations under the Term Loan are secured by a second priority lien on the assets which secure the Revolver Loan. Furthermore, these chapter 11 cases were filed during a time of tightening credit markets and volatile energy markets that have been, and continue to be, profoundly impacted by the substantial and sustained downturn in the global economy and credit markets. The Debtors and their major creditor constituencies continue to explore varied restructuring possibilities in an expansive effort to maximize value for all parties in interest.

2.     Since the Petition Date, the Debtors have made progress in restructuring their businesses including: (a) working with the DIP Lenders and the Term Loan Lenders on possible restructuring scenarios that promise to enhance the Debtors' liquidity; (b) participating in the due diligence process of third parties that might be interested in consummating a transaction that will maximize the value of the Debtors' assets by establishing the data room and entering into numerous confidentiality agreements allowing such third parties to access information related to

the Debtors' businesses; (c) obtaining post-petition financing to fund continued operations of the Debtors, including amounts that can be used for capital expenditures allowing the Debtors to maintain their various oil and gas leases; (d) filed a declaratory judgment action against the Revolver Lenders and the Term Loan Lenders to determine the validity and extent of their liens upon the Debtors' real property and personal property assets; and (e) receiving Court approval of the Debtors' retention and severance plan, which has contributed to increased employee morale. Notwithstanding the progress being made by the Debtors, a number of challenges still must be met during these chapter 11 cases.

3. By this Motion and pursuant to section 1121(d) of the Bankruptcy Code, the Debtors are seeking an extension of their exclusive periods to file a chapter 11 plan through and including January 29, 2010 (the "Plan Proposal Period"), and to solicit votes to approve a chapter 11 plan through and including March 29, 2010 (the "Solicitation Period" and, together with the Plan Proposal Period, the "Exclusive Periods"), to allow the confirmation process to continue unhindered by competing plans. Currently, the Debtors' Exclusive Periods are slated to expire on September 14, 2009 and November 13, 2009, respectively. Without such an extension, the Exclusive Periods will expire, presenting a risk of undue interference and disruption to the Debtors' plan and confirmation process. The Debtors respectfully request that the Court extend the Exclusive Periods through and including January 29, 2010 and March 29, 2010, respectively.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory basis for the relief requested herein is 11 U.S.C. § 1121(d).

## III. BACKGROUND

7. On May 17, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

8. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed.

9. The office of the United States Trustee has appointed a committee of unsecured creditors (the "Committee").

10. The Court has entered an order jointly administering the Cases.

## IV. RELIEF REQUESTED

11. Section 1121(b) of the Bankruptcy Code provides for an initial 120-day period after the Petition Date within which the Debtors have the exclusive right to file a plan or plans of reorganization in their cases.[1] As mentioned previously, the current Plan Proposal Period is scheduled to expire on September 14, 2009. Bankruptcy Code section 1121(c) further provides for an initial 180-day period after the Petition Date within which the Debtors have the exclusive right to solicit and obtain acceptances of a plan filed by the Debtors during the Plan Proposal Period. The Solicitation Period is scheduled to expire on November 13, 2009.

12. By this Motion, the Debtors seek entry of an order extending the Plan Proposal Period through and including January 29, 2010, and extending the Solicitation Period through and including March 29, 2010, without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods. As described in further detail below, the Debtors believe that sufficient cause exists to extend the Exclusive Periods.

---

[1] For convenience, this motion will hereinafter use the singular "plan."

## V. BASIS FOR RELIEF

13. Under section 1121(d) of the Bankruptcy Code, this Court may extend the Exclusive Periods for cause. Specifically, that section provides that:

> On request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d).

14. In determining whether cause exists to extend the Exclusive Periods, this Court should examine, among others, the following factors:

   a. the size and complexity of the case;

   b. the necessity of sufficient time to negotiate and prepare adequate information;

   c. the existence of good faith progress toward reorganization;

   d. whether the debtor is paying its debts as they come due;

   e. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

   f. whether the debtor has made progress negotiating with creditors;

   g. the length of time the case has been pending;

   h. whether the debtor is seeking an extension to pressure creditors; and

   i. whether unresolved contingencies exist.

*See In re Friedman's Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005).

15. In evaluating these factors, the Court is given the maximum flexibility to review the particular facts and circumstances of each case. *See In re Public Serv. Co.*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent . . . [is] to promote maximum flexibility…"); *First American Bank V. Southwest Gloves and Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986) (acknowledging flexibility that section 1121(d) provides); H.R. Rep. No. 95-595, at 232

(1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6191 ("[T]he bill allows the flexibility for individual cases that is unavailable today.").

16. Not all factors are relevant to every case and courts tend to use a relevant subset of the above factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case. *See e.g., In re Express One Int'l*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors).

17. In this instance, each of the above-listed factors counsels in favor of extending the Exclusive Periods. Debtors in possession often require more than the time initially allotted by the Exclusive Periods to formulate a confirmable plan of reorganization. Given the significant and numerous matters requiring substantial attention from the Debtors' employees, management, and professionals in the opening weeks of these chapter 11 cases, and the many tasks that still must be completed as the Debtors continue to develop and implement their business plan, it is neither surprising nor remarkable that the Debtors require an extension of the Exclusive Periods. The Debtors submit that an extension of the Exclusive Periods is fully justified for the reasons set forth below:

   a. The size and complexity of the Debtors' cases;

   b. The Debtors need sufficient time to negotiate and prepare adequate information;

   c. The Debtors' have made good faith progress towards reorganization and proposing a successful plan;

   d. The Debtors are paying their debts as they come due;

   e. These Cases have been pending for only a short period of time; and

   f. An extension of time will not harm the Debtors' creditors.

2649992.1

## A. The Debtors' Cases are Complex

18.     The size and complexity of the Debtors' chapter 11 cases alone constitute cause to extend the Exclusive Periods. *See Express One*, 194 B.R. at 100 ("The traditional ground for cause is the large size of the debtor and the concomitant difficulty in formulating a plan of reorganization. … The Court does not believe that it is necessary to be a Texaco, Johns-Manville Forest Products, or Ames Department Stores to be considered 'large and complex' within the meaning of section 1121."); *In re Highland Park Assocs. L.P. I*, 130 B.R. 55, 60 (Bankr. N.D. Ill. 1991) (finding that "the complexities of this case warrant an extension"); *Texaco*, 76 B.R. at 327 (finding cause to extend exclusivity merely by sheer size of case); *In re Manville Forst Prods. Corp.*, 31 B.R. 991, 995 (S.D.N.Y. 1983) ("[T]he sheer mass, weight, volume and complication of the Manville filings undoubtedly justify a shakedown period.").

19.     The Debtors' cases are sufficiently large and complex to justify an extension. The Debtors had approximately $327 million in outstanding prepetition obligations divided among various creditors, including, *inter alia*, a revolver loan in the principal amount of $50 million that is secured by a first priority lien in certain assets of various Debtors, a term loan in the principal amount of $100 million that is secured by a second priority lien in certain assets of various Debtors. Additionally, numerous trade creditors have filed mechanics' and materialmens' liens against the Debtors based on services provided in connection with the Debtors oil and gas operations. Thus, the size and complexity of the Debtors' interrelated chapter 11 cases justify an extension of the Exclusive Periods.

## B. Additional Time is Necessary to Allow the Debtors Sufficient Time to Negotiate and Prepare Adequate Information

20.     The Debtors' request for extension of the Exclusive Periods is necessary to allow the Debtors sufficient time to obtain adequate information for negotiation and preparation of a

plan of reorganization. The deadline for non-governmental creditors to file proofs of claim in this case is September 22, 2009. The deadline for governmental claims is set for November 13, 2009. As the Plan Proposal Period expires prior to either proof of claim bar date, any plan filed by the Debtors would be preliminary and would potentially have to be amended to address claims that have yet to be filed.

21. Additionally, the Debtors recently filed an adversary proceeding styled *TXCO Resources, Inc. v. Bank of Montreal, et al.*, Adv. Proc. No. 09-5077 (the "Declaratory Judgment Lawsuit"), whereby the Debtors have sought a declaratory judgment in regards to the validity and extent of the Revolver Lenders' and Term Loan Lenders' liens upon the Debtors' real property and personal property assets. The Declaratory Judgment Lawsuit was only filed on July 17, 2009. Absent a consensual resolution, the Debtors' ability to propose a plan of reorganization will necessarily be affected by the outcome of the Declaratory Judgment Lawsuit.

22. The request for extension of the Exclusive Periods to January 29, 2010 will give the Debtors sufficient time to gather adequate information in regards to the claims, including a period of time to pursue the Declaratory Judgment Lawsuit, if necessary, which will allow the Debtors to determine the appropriate treatment of claims under a plan of reorganization. Additionally, the extension of time will allow the Debtors to have at least sixty (60) days to negotiate a plan with creditors after all claims have been filed.

C. **Debtors are Making Progress Towards Reorganization and Proposing a Successful Plan**

23. While not all claims have been filed, the Debtors are still working towards proposing a plan of reorganization. The Debtors have begun discussions with their DIP Lenders about potential exit financing. Furthermore, the Debtors are negotiating with the DIP Lenders and the Term Loan Lenders about the treatment of their claims. These discussions are critical to

2649992.1

the Debtors' efforts to propose a successful plan of reorganization. The Debtors will continue negotiations with these parties, as well as the various other constituents in preparation for filing a successful plan of reorganization.

24. In addition to discussions with creditors of the estate, the Debtors need additional time to consider proposals from third parties interested in negotiating agreements with the Debtors. As the Court is aware, the Debtors have established a data room for parties interested in conducting due diligence related to the Debtors' business enterprise. The Debtors have been contacted by numerous parties and executed over twenty-five confidentiality agreements allowing these parties to conduct due diligence. The proposed extension of the Exclusive Periods is for a limited period of time that should provide the Debtors with an opportunity to develop and negotiate a plan of reorganization that will maximize value to all constituents.

D.  **Debtors are Paying Their Postpetition Obligations**

25. The Debtors continue to make all required postpetition payments as they come due, which supports extension of the Exclusive Periods. Additionally, in an effort to insure that sufficient funds would be available to meet all postpetition obligations, the Debtors obtained postpetition financing of up to $33 million. Furthermore, the Debtors have maintained the assets of the estate by paying all of their royalty obligations, postpetition lease operating expenses and obligations under executory contracts including farmouts. As the Debtors are continuing to satisfy their postpetition obligations, the Court should approve extension of the Exclusive Periods to allow the Debtors an opportunity to formulate and negotiate a plan of reorganization.

E.  **These Cases were Only Recently Filed**

26. The Debtors filed these Cases on May 17, 2009. Since that time, the Debtors have participated in hearings to obtain relief based on their first day motions. Additionally, final approval on the terms of the DIP Loan was not granted by the Court until June 15, 2009. Since

9

that time, the Debtors have focused on maintaining operations and evaluating issues which must be addressed, including extended operational and capital expenditure budgets; all of which are necessary prior to development of the initial terms of a plan of reorganization to negotiate with the various constituents.

## F. The Extension will not Prejudice Creditors

27. The Debtors are making this request for the extension of the Exclusive Periods in good faith. To terminate the Exclusive Periods prematurely would deny the Debtors a meaningful opportunity to negotiate with creditors and propose a confirmable plan and, thus, would be antithetical to the purpose of chapter 11. Termination of the Exclusive Periods at this time and the concomitant threat of multiple plans could lead to unwarranted confrontations, resulting in increased administrative costs.

28. The requested extension of the Exclusive Periods will not prejudice the legitimate interests of any creditor. To the contrary, the extension will further the Debtors' efforts to preserve value and avoid unnecessary and wasteful motion practice. The Debtors recognize that the maturity date for the DIP Loan is currently December 15, 2009. [The Debtors have requested an extension of the maturity date to a date after January 29, 2009.] However, even absent such an extension, this Motion should be granted.

29. In summary, the Debtors should be afforded a full and fair opportunity to negotiate, propose and seek acceptances of a chapter 11 plan as well as to resolve certain key issues prior to finalizing a plan of reorganization. Therefore, the Debtors believe that the requested extension is warranted and, indeed, appropriate under the circumstances.

30. Courts within this and other circuits have routinely granted extensions of exclusivity in reorganization cases. *See e.g., In re Spectrum Jungle Labs Corporation*, Case No. 09-50455 (RBK) (Bankr. W.D. Tex. May 27, 2009) (extending exclusive periods for 60 days); *In*

re Physicians Specialty Hospital of El Paso East, L.P.*, Case No. 07-30633 (LMC) (Bankr. W.D. Tex. Oct. 23, 2007) (extending exclusive periods for 120 days); *In re Lothian Oil, Inc. et al.*, Case No. 07-70121 (RBK) (Bankr. W.D. Tex. Oct. 2, 2007) (extending exclusive periods for 90 days): *In re Schlotzky's Inc. et al.,* Case No. 04-54504 (LMC) (Bankr. W.D. Tex. Dec. 7, 2004) (extending exclusive periods for 60 days); *In re American Plumbing & Mechanical Inc., et al.*, Case No. 03-55789 (LMC) (Bankr. W.D. Tex. Feb. 9, 2004) (extending exclusive periods for 20 days).

WHEREFORE, the Debtors respectfully request the Court enter an order (i) extending (a) the Plan Proposal Period through and including January 29, 2010, and (b) the Solicitation Period through and including March 29, 2010, without prejudice to the right of the Debtors to seek other or further extension of the Exclusive Periods; and (ii) granting such other and further relief as is just and proper.

Dated: August 13, 2009            Respectfully submitted,

**COX SMITH MATTHEWS INCORPORATED**

By: */s/ Thomas Rice*
    Deborah D. Williamson
    State Bar No. 21617500
    Patrick L. Huffstickler
    State Bar No. 10199250
    Thomas Rice
    State Bar No. 24025613
    Lindsey D. Graham
    State Bar No. 24055412
    112 East Pecan Street, Suite 1800
    San Antonio, Texas 78205
    (210) 554-5500
    (210) 226-8395 (Fax)

**ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION**