

The relief described hereinbelow is SO ORDERED.

Signed December 18, 2009.

_____
Ronald B. King
United States Chief Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **CHAPTER 11** |
| | § | |
| **TXCO RESOURCES INC.,** *et al.*, | § | **Case No. 09-51807** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

**ORDER APPROVING (I) DISCLOSURE STATEMENT; (II) RECORD DATE, VOTING
DEADLINE AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN
CLAIMS; (III) PROCEDURES FOR FILING OBJECTIONS TO PLANS;
(IV) SOLICITATION PROCEDURES FOR CONFIRMATION; AND (V) HEARING
<u>DATE TO CONSIDER CONFIRMATION OF PLANS</u>**

The Court has considered the *Motion for Order Approving (I) Disclosure Statement;*

*(II) Record Date, Voting Deadline and Procedures for Temporary Allowance of Certain Claims;*

*(III) Procedures for Filing Objections to Plan; (IV) Solicitation Procedures for Confirmation;*

*and (V) Hearing Date to Consider Confirmation of the Plan* (the "Solicitation Procedures

Motion")[1] of TXCO Resources Inc. and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors," "TXCO" or the

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the
Solicitation Procedures Motion.

"Company") for an order pursuant to 11 U.S.C. §§ 105(a), 1125 and 1126 and Rules 3003, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedures, request entry of an order approving (i) the Disclosure Statement; (ii) the Record Date, the Voting Deadline and Procedures for Temporary Allowance of Certain Claims; (iii) Procedures for Filing Objections to Plans; (iv) the Solicitation Procedures for Confirmation; and (v) a Hearing Date to Consider Confirmation of the Plans; the Court having reviewed the Disclosure Statement, as amended, and the Solicitation Procedures Motion; a hearing having been held on December 16, 2009 (the "Disclosure Statement Hearing"), at which time all interested parties were offered an opportunity to be heard with respect to the Disclosure Statement and Solicitation Procedures Motion; and the Court having reviewed and considered (i) the Disclosure Statement; (ii) the Solicitation Procedures Motion and objection thereto, if any, (iii) the arguments of counsel made, and the evidence proffered or addressed at the Disclosure Statement Hearing; it appearing that notice of the Disclosure Statement Hearing and the hearing on the Solicitation Procedures Motion was sufficient and proper under the particular circumstances, and that no other or further notice need be given; and it appearing that the relief requested is in the best interests of the Debtors, their estate and creditors and other parties in interest; and upon the record of the Disclosure Statement Hearing and these cases; and after due deliberation thereon, and good cause appearing therefore;

IT IS HEREBY ORDERED AS FOLLOWS:

**A.  Approval of Disclosure Statement**

1.      Pursuant to Rule 3017(b) of the Federal Rules of Bankruptcy Procedure, the Disclosure Statement is approved as containing adequate information within the meaning of section 1125(a) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code").

2782956.1

**B. Establishment of Record Date, Voting Deadline and Procedures for Temporary Allowance of Certain Claims**

*Record Date*

2. Notwithstanding anything to the contrary in Fed. R. Bankr. P. 3018(a), the record date (the "Record Date") for determining (a) creditors and interest holders entitled to receive Solicitation Packages (as defined below), and (b) creditors and interest holders entitled to vote to accept or reject the Plans shall be **December 16, 2009**.

*Sale Plan Voting Deadline*

3. The last date and time (the "Sale Plan Voting Deadline") by which ballots for accepting or rejecting the Sale Plan and the *Plan of Reorganization for TXCO Drilling Corp.* (the "TXCO Drilling Plan") must be received by the Voting Agent (as defined below) in order to be counted shall be **January 19, 2010 at 4:00 p.m. Central Standard Time**.  Ballots with original signatures, if applicable, must be returned to the Voting Agent on or prior to the Sale Plan Voting Deadline by (a) mail in the return envelope provided with each ballot, (b) overnight delivery, or (c) hand delivery, in order to be counted.  **Ballots submitted by facsimile or electronic transmission shall not be counted.**

*Operational Plan Voting Deadline*

4. The last date and time (the "Operational Plan Voting Deadline") by which ballots for accepting or rejecting the Operational Plan must be received by the Voting Agent (as defined below) in order to counted shall be **February 19, 2010 at 4:00 p.m. Central Standard Time.** Ballots with original signatures, if applicable, must be returned to the Voting Agent on or prior to the Operational Plan Voting Deadline by (a) mail in the return envelope provided with each ballot, (b) overnight delivery, or (c) hand delivery, in order to be counted.  **Ballots submitted by facsimile or electronic transmission shall not be counted.**

2782956.1

*Procedures for Temporary Allowance of Certain Claims for Voting*

5.       Any holder of a claim or interest against which claim or interest the Debtors filed an objection to expunge or disallow such claim or interest shall not be entitled to vote on the Plans and shall not be counted in determining whether the requirements of section 1126(c) of the Bankruptcy Code have been met with respect to the Plans (except to the extent and in the manner as may be set forth in the objection) (a) unless the claim has been temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a) and in accordance with this Order, or (b) except to the extent that, on or before the Voting Deadline, the objection to such claim or interest has been resolved in favor of the creditor or interest holder asserting the claim or interest.  To the extent that the Debtors object to only a portion of a claim, the holder of such claim will be entitled to vote to the extent of the non-objected to portion of such claim.  Recipients of an objection to expunge their claim or interest shall receive a notice of non-voting status, substantially in the form of Exhibit "A," attached to the Solicitation Procedures Motion.

6.       The deadline (the "Rule 3018(a) Motion Deadline") for filing motions requesting temporary allowance of a movant's claim or interest for purposes of voting pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure ("Rule 3018(a) Motions") shall be **January 15, 2010 at 4:00 p.m. Central Standard Time**.  Such Motions must be filed and served on the Notice Parties and in the manner set forth herein so as to be **received** not later than 4:00 p.m. Central Standard Time on the Rule 3018(a) Motion Deadline.

7.       Any party timely filing and serving a Rule 3018(a) Motion shall be provided a ballot and be permitted to cast a provisional vote to accept or reject the applicable Plan.  If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Voting Deadline, then at the applicable Confirmation Hearing, the

4

2782956.1

Court shall determine whether the provisional ballot should be counted as a vote on the applicable Plan.

**C.  Confirmation Hearing and Objections**

*Sale Plan Confirmation Hearing*

8.      Pursuant to Rule 3020(b)(2) of the Federal Rules of Bankruptcy Procedure, the hearing on confirmation of the Sale Plan and the TXCO Drilling Plan (the "Sale Plan Confirmation Hearing") shall be **January 25, 2010 at 9:30 a.m. Central Standard Time**, to be continued, if necessary, to a later date (the "Sale Plan Confirmation Hearing Date").

9.      Pursuant to Rule 3020(b)(1) of the Federal Rules of Bankruptcy Procedure, objections to confirmation of the Sale Plan or the TXCO Drilling Plan ("Sale Plan Confirmation Objections") must be filed and served by **4:00 p.m. Central Standard Time on January 19, 2010** (the "Sale Plan Objection Deadline").  Sale Plan Confirmation Objections not timely filed and served in accordance with this Order shall not be considered.

10.      Confirmation Objections to the Sale Plan and/or the TXCO Drilling Plan, if any, must (a) be in writing, (b) comply with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, their estates or their property, (d) state with particularity the legal and factual bases for the objection, including suggested language to be added or existing language to be amended or deleted, (e) be filed with the Court together with proof of service, and (f) served by personal service, overnight delivery or first class mail, so as to be received no later than the Sale Plan Objection Deadline, by the following (collectively, the "Notice Parties"):

5

2782956.1

Counsel for the Debtors

Counsel for the Debtors
Cox Smith Matthews Incorporated
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205-1251
Attn:    Deborah D. Williamson
          Thomas Rice

United States Trustee

The Office of the United States Trustee
615 E. Houston, Rm. 533
P.O. Box 1539
San Antonio, TX 78295-1539
Attn: James Rose

Counsel for the Creditors Committee

Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Attn:    Stephen A. McCartin
          Andrew G. Spaniol

Counsel for the Postpetition Lenders

Justin Rawlins
Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

James Donnell
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193

Christopher M. Dawe
Vinson & Elkins LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975

2782956.1

*Operational Plan Confirmation Hearing*

11.　　In the event the Court does not confirm the Sale Plan or Closing does not occur as set forth in the Sale Plan, pursuant to Rule 3020(b)(2) of the Federal Rules of Bankruptcy Procedure, the hearing on confirmation of the Operational Plan (the "Operational Plan Confirmation Hearing"), shall be **February 25, 2010 at 9:30 a.m. Central Standard Time**, to be continued, if necessary, to a later date (the "Operational Plan Confirmation Hearing Date").

12.　　Pursuant to Rule 3020(b)(1) of the Federal Rules of Bankruptcy Procedure, objections to confirmation of the Operational Plan ("Operational Plan Confirmation Objections") must be filed and served by **4:00 p.m. Central Standard Time on February 19, 2010** (the "Operational Plan Objection Deadline").　Operational Plan Confirmation Objections not timely filed and served in accordance with this Order shall not be considered.

13.　　Operational Plan Confirmation Objections, if any, must (a) be in writing, (b) comply with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, their estates or their property, (d) state with particularity the legal and factual bases for the objection, including suggested language to be added or existing language to be amended or deleted, (e) be filed with the Court together with proof of service, and (f) served by personal service, overnight delivery or first class mail, so as to be received no later than the Operational Plan Objection Deadline, by the Notice Parties:

　　　　Counsel for the Debtors

　　　　Counsel for the Debtors
　　　　Cox Smith Matthews Incorporated
　　　　112 E. Pecan Street, Suite 1800
　　　　San Antonio, Texas 78205-1251
　　　　Attn:　Deborah D. Williamson
　　　　　　　　Thomas Rice

2782956.1

United States Trustee

The Office of the United States Trustee
615 E. Houston, Rm. 533
P.O. Box 1539
San Antonio, TX 78295-1539
Attn:  James Rose

Counsel for the Creditors Committee

Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201
Attn:   Stephen A. McCartin
        Andrew G. Spaniol

Counsel for the Postpetition Lenders

Justin Rawlins
Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA  90071-1543

James Donnell
Winston & Strawn LLP
200 Park Avenue
New York, NY  10166-4193

Christopher M. Dawe
Vinson & Elkins LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, TX  75201-2975

## D.  Solicitation Procedures

*Duties of Voting Agent*

14.    In connection with the solicitation of votes with respect to the Plans, Administar Services Group, LLC ("Administar") shall act as the Voting Agent.  The Voting Agent is authorized and directed to assist the Debtors in: (i) mailing Solicitation Packages (as defined below), (ii) receiving, tabulating, and reporting on ballots cast for or against the Plans by holders of claims against the Debtors, (iii) responding to inquiries from creditors and stakeholders

2782956.1

relating to the Plans, the Disclosure Statement, the ballots and matters related thereto, including, without limitation, the procedures and requirements for voting to accept or reject the Plans and for objecting to the Plans, (iv) soliciting votes on the Plans, (v) if necessary, contacting creditors regarding the Plans, and (vi) mailing Confirmation Notices to the transfer agent for holders of interest in the Debtors and other non-voting parties entitled to notice.

*Ballots*

15.     In connection with the Sale Plan, the ballots in substantially the forms attached to the Solicitation Procedures Motion as Exhibits "B-1" through "B-3" are approved and shall be used in connection with the solicitation of votes on the Sale Plan by holders (and record holders) of impaired claims against the Debtors in Classes 2(A-U), 5(A-BB), 8 and 9. The form of ballots attached to the Solicitation Procedures Motion as Exhibits "B-1" through "B-3" each contain sufficient disclosure regarding third party releases. The ballots in connection with the Sale Plan shall be printed on blue paper.

16.     In connection with the Operational Plan, the ballots in substantially the forms attached to the Solicitation Procedures Motion as Exhibits "C-1" through "C-6" are approved and shall be used in connection with the solicitation of votes on the Plan by holders (and record holders) of impaired claims against the Debtors in Classes 1, 2(A-U), 3, 4, 5(A-BB), 8 and 9. The form of ballots attached to the Solicitation Procedures Motion as Exhibits "C-1" through "C-6" each contains sufficient disclosure regarding third party releases. The ballots for the Operational Plan will be printed on gold paper.

17.     The ballots to be distributed to Mineral Lien Holders (Class 2 and Class 5 Claims) will contain an "Opt-out" checkbox through which the claim holders will be able to opt out of the "Preference Credit" treatment provided in Paragraph 5.1 of the Plans. Such ballots will also

2782956.1

contain conspicuous language notifying such claim holders that the Plans grant a release of third party claims against certain non-debtor JIB Obligors against whom such Mineral Lien Holders may otherwise have claims pursuant to the Texas Property Code, Section 56.043.

18.     A single ballot will be distributed to holders of both Class 8 and Class 9 Claims, and such ballot will contain an option through which Class 8 General Unsecured Claim holders may elect to reduce their claims voluntarily in order to receive treatment under the Plans as a Class 9 Administrative Convenience Class Claim.

19.     All Sale Plan ballots shall be amended to include the following language "A vote to accept the Sale Plan does not constitute a waiver of the right, if any, to object to part(s) of the Sale Plan including, without limitation, the third-party releases described in Sections 5.1(b)(1) and 5.1(e)(1) and Article XIV of the Sale Plan."  All Operational Plan ballots shall be amended to include the following language: "A vote to accept the Operational Plan does not constitute a waiver of the right, if any, to object to part(s) of the Operational Plan, including without limitation, the third-party releases described in Sections 5.1(b)(1) and 5.1(e)(1) and Article XIV of the Sale Plan."

20.     Pursuant to the Sale Plan, Classes 1, 3, 4, 6, 7 and 13 are unimpaired and, therefore, are conclusively presumed to accept the Sale Plan.  Pursuant to the Operational Plan, Classes 6, 7 and 13 are unimpaired and, therefore, are conclusively presumed to accept the Operational Plan.  The Debtors shall not be required to solicit votes with respect to such classes of claims and such classes of claims shall not be entitled to receive ballots.  In lieu of a ballot and in accordance with Rule 3017(d), the Debtors shall mail to the Unimpaired Creditors a notice, substantially in the form of Exhibit "D" attached to the Solicitation Procedures Motion, which provides (i) notice of the filing of the Plan, (ii) notice of the specific provisions of the Sale Plan

2782956.1

with respect to the unimpaired creditors, (iii) instructions regarding the various ways to obtain and/or view additional copies of the Disclosure Statement and Plans and other documents, (iv) information regarding the Confirmation Hearing, and (v) detailed directions for filing objections to confirmation of the Sale Plan.  Under the Sale Plan, the Debtors are authorized to distribute Solicitation Packages, absent ballots, to holders of Claims in Classes 1, 3, 4, 6, 7 and 13.  Under the Operational Plan, the Debtors are authorized to distribute Solicitation Packages, absent ballots, to holders of Claims in Classes 6, 7 and 13.

21.     Classes 10, 11 and 12 do not retain or receive any property under the Plans and are deemed to reject the Plans.  The Debtors shall not send ballots to holders of Claims and Interests in Classes 10, 11 and 12.

22.     With respect to the TXCO Drilling Plan, the ballots in substantially the form attached to this Order as Drilling Exhibit "1" (for Western National Bank's Class 3 secured claim) and Drilling Exhibit "2" (for Class 5 general unsecured claims) are approved and shall be used in connection with the solicitation of votes on the TXCO Drilling Plan by holders (and record holders) of impaired claims against TXCO Drilling in Classes 3 and 5.  The ballots in connection with the TXCO Drilling Plan shall be printed on green paper.  Pursuant to the TXCO Drilling Plan, classes 1, 2, 4, 6 and 7 are unimpaired and, therefore, are conclusively presumed to accept the TXCO Drilling Plan.  The Debtors shall not be required to solicit votes with respect to such classes of claims and such classes of claims shall not be entitled to receive ballots.  In lieu of a ballot and in accordance with Rule 3017(d), Debtors shall mail to the holders of claims in such classes a copy of the Disclosure Statement, the TXCO Drilling Plan, and a copy of this Order or the Confirmation Hearing Notice.

2782956.1

*Content and General Transmittal of Solicitation Package*

23.     Pursuant to Rule 3017(d) of the Federal Rules of Bankruptcy Procedure, on or before December 22, 2009 (the "Solicitation Mailing Date"), the Debtors shall transmit or cause to be transmitted, to the persons listed below, by United States mail, first class postage prepaid, or by hand or by overnight courier, a solicitation packet (the "Solicitation Package") containing a copy or conformed printed version of:

(a)     the Notice of (1) Approval of Disclosure Statement, (2) Hearing on Confirmation of Plan; (3) Deadline and Procedures for Filing Objections to Confirmation of Plan; (4) Deadline and Procedures for Temporary Allowance of Certain Claims for Voting Purposes; (5) Treatment of Certain Unliquidated, Contingent or Disputed Claims for Notice, Voting and Distribution Purposes, (6) Record Date; and (7) Voting Deadline for Receipt of Ballots, in substantially the form of the notice annexed as Exhibit "F" to the Solicitation Procedures Motion (the "Confirmation Hearing Notice");

(b)     the Disclosure Statement (to be provided by compact disc);

(c)     the Plans (which shall be furnished in the Solicitation Package as Appendix A to the Disclosure Statement) (to be provided by compact disc);

(d)     the Executive Summary from the Disclosure Statement;

(e)     the Solicitation Procedures Order;

(f)     the solicitation letter from the Creditors' Committee;

(g)     to the extent applicable, a ballot and/or notice appropriate for the specific creditor, in substantially the forms attached hereto (as may be modified for particular classes and with instructions attached thereto); and

(h)     to the extent applicable, the compact disc contain the Disclosure Statement and Plans shall also include a copy of the TXCO Drilling Plan, which shall be sent to the creditors of TXCO Drilling.

24.     The Debtors shall file the Sale Plan Supplement and all exhibits and schedules to the Sale Plan and/or appendices to the Disclosure Statement with the Court on or before five days prior to the Sale Plan Voting Deadline (the "Sale Plan Supplement Filing Date").  In the

2782956.1

event the Debtors seek to confirm the Operational Plan, the Debtors shall file the Operational Plan Supplement and all exhibits and schedules to the Operational Plan and/or appendices to the Disclosure Statement with the Court on or before February 8, 2010 (the "Operational Plan Supplement Filing Date").

25.     The following creditors and other persons shall receive the Solicitation Package (with exclusions as noted herein): (i) the United States Trustee; (ii) all non-voting unimpaired creditors; (iii) creditors holding claims designated as impaired and entitled to vote on the Plan (A) who have filed timely proofs of claim (or untimely proofs of claim which have been allowed as timely by the Court under applicable law on or before the Record Date) that have not been disallowed by an order of the Court entered on or before the Record Date or (B) whose claims are scheduled in the Debtors' schedules of assets and liabilities dated July 1, 2009, or any amendment thereof (the "Schedules") (other than those schedules as (x) unliquidated, contingent or disputed or (y) zero or unknown in amount and no proof of claim was timely filed).  So as to avoid duplication and reduce expenses, the Debtors propose that creditors who have filed duplicate claims in any given class should be required to receive only one Solicitation Package and allowed one ballot for voting their claims with respect to that class.

*Transmittal to Certain Claim and Interestholders*

        **a.     Contingent, Unliquidated, and Disputed Claims**

26.     Pursuant to Rule 3003(c)(2) of the Federal Rules of Bankruptcy Procedure, with respect to all persons or entities who are listed on the Debtors' Schedules as having a claim or a portion of a claim which is disputed, unliquidated or contingent or which is scheduled as zero or unknown in amount and such person or entity did not timely file a proof of claim, the Debtors shall not distribute any documents or notices.

13

     **b.**     **Creditors and Equity Holders in Classes 10, 11 and 12 Deemed to Reject the Plan**

27.     Holders of claims and interests in Classes 10, 11 and 12 shall receive no distributions under either the Sale Plan or the Operational Plan and are deemed to reject each Plan pursuant to Section 1126(g) of the Bankruptcy Code. The Debtors therefore are authorized and directed to mail to such holders notices (the "Non-Voting Status Notice"), in lieu of the Solicitation Package, substantially in the form of Exhibit "E" attached to the Solicitation Procedures Motion.

     **c.**     **Prepetition Securities Holders**

28.     With respect to the holders of interests arising from the Debtors' Prepetition Securities, the Debtors shall transmit the Non-Voting Status Notice to holders of the Prepetition Securities by mailing the Non-Voting Status Notice, on or before the Solicitation Mailing Date (as defined herein), to the transfer agent therefor (collectively, the "Intermediary Record Owners") identified by the Debtors or the Voting Agent as an entity through which beneficial owners (the "Beneficial Owners") hold Prepetition Securities.

29.     The Intermediary Record Owners are ordered to distribute the Non-Voting Status Notice to the respective Beneficial Owners within three days of receipt of the Non-Voting Status Notice.

30.     The Debtors are authorized to reimburse Intermediary Record Owners for their reasonable, actual, and necessary out-of-pocket expenses incurred in performing the tasks described above upon written request by such entities (subject to the Court's retaining jurisdiction to resolve any disputes over any request for reimbursement).

2782956.1

*When No Notice or Transmittal Necessary*

31.     Solicitation Packages shall not be sent to creditors whose claims are based solely on amounts scheduled by the Debtors but whose claims already have been paid in the full scheduled amount; provided, however, if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package for any reason other than by virtue of the fact that its claim had been scheduled by the Debtors, such creditor will be sent a Solicitation Package in accordance with the procedures set forth above.  In addition, no Solicitation Package shall be sent to any creditor who filed a proof of claim if the amount asserted in such proof of claim has already been paid.

32.     The Debtors shall retain the discretion not to give notice or service of any kind upon any person to whom the Debtors mailed a Disclosure Statement Hearing Notice and received any of such notices returned by the United States Postal Service marked "undeliverable as addressed," "moved – left no forwarding address" or "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such person or entity of that person's or entity's new address.

*Procedures for Vote Tabulation*

33.     Any ballot timely received that contains sufficient information to permit the identification of the claimant and is cast as an acceptance or rejection of the Plans will be counted and will be deemed to be cast as an acceptance or rejection, as the case may be, of the Plans.  The foregoing general procedures shall be subject to the following exceptions:

> (a)     If a Claim is deemed Allowed in accordance with the Plans, such Claim is Allowed for voting purposes in the deemed Allowed amount set forth in the Plans;
>
> (b)     If a Claim for which a proof of claim has been timely filed is marked as contingent, unliquidated, or disputed, the Debtors propose that such Claim

2782956.1

be temporarily Allowed for voting purposes only, and not for purposes of allowance of distribution, at $1.00;

(c)   If a Claim has been estimated or otherwise Allowed for voting purposes by order of the Court, such Claim is temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(d)   If a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the Bar Date or (ii) deemed timely filed by an order of the Bankruptcy Code prior to the Voting Deadline, the Debtors propose that such Claim be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c); and

(e)   If the Debtors have served and Filed an objection to a Claim at least ten (10) days before the Confirmation Hearing, such Claim shall be temporarily disallowed to the extent and in the manner as may be set forth in the objection for voting purposes only and not for the purposes of the allowance or distribution, unless otherwise ordered by the Court.

(f)   All Ballots will be tabulated as if each of the Debtors were substantively consolidated for voting and distribution purposes (except for ballots on the TXCO Drilling Plan).

The following ballots will not be counted or considered for any purpose in determining whether the Plans have been accepted or rejected:

(g)   Any ballot received after the Voting Deadline unless the Debtors shall have granted an extension in writing of the Voting Deadline with respect to such ballot;

(h)   Any ballot that is illegible or contains insufficient information to permit the identification of the claimant;

(i)   Any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plans;

(j)   Any ballot cast for a claim scheduled as unliquidated, contingent, or disputed and for which (a) no proof of claim was timely filed and (b) no Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline;

(k)   Any ballot cast in a manner that neither indicates an acceptance nor rejection of the Plans or that indicates both an acceptance and rejection of the Plans;

16

2782956.1

        (l)     Any ballot submitted by facsimile or electronic transmission; or

        (m)    Any unsigned ballot.

    34.    Notwithstanding Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, whenever two or more ballots are cast voting the same claim prior to the Voting Deadline, the last ballot received prior to the Voting Deadline will be deemed to reflect the voter's intent and thus to supersede any prior ballots, provided however that where an ambiguity exists as to which ballot was the latest mailed, the voting agent reserves the right to contact the creditor and calculate the vote according to such voter's stated intent. This procedure shall be without prejudice to the Debtors' right to object to the validity of the second ballot on any basis permitted by law, and, if the objection is sustained, to count the first ballot for all purposes.

    35.    Claim splitting is not permitted. Creditors who vote must vote all of their claims within a particular class to either accept or reject the Plans, as applicable.

# # #

**Order Submitted by:**
Deborah D. Williamson
State Bar No. 21617500
Patrick L. Huffstickler
State Bar No. 10199250
Thomas Rice
State Bar No. 24025613
Meghan E. Bishop
State Bar No. 24055176
**COX SMITH MATTHEWS INCORPORATED**
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500
(210) 226-8395 (Fax)

**ATTORNEYS FOR DEBTORS
AND DEBTORS-IN-POSSESSION**

2782956.1