## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re:** | § | **CHAPTER 11 CASE** |
| **TXCO RESOURCES INC.,** *et al.,* | § | **CASE NO. 09-51807** |
| Debtors. | § | **Jointly Administered** |
| **In re:** | § | |
| **TXCO Drilling Corp.,** | § | **Bankruptcy Case No. 09-51809** |
| Debtor. | § | |

## FIRST AMENDED PLAN OF REORGANIZATION FOR
## TXCO DRILLING CORP.

TXCO Drilling Corp. files the following *First Amended Plan of Reorganization for TXCO Drilling Corp.* pursuant to Section 1121 of the Bankruptcy Code in supplement to and in conjunction with the "Sale Plan" under the *Second Amended Plans of Reorganization for TXCO Resources Inc., Et Al., Debtors and Debtors-in-Possession Based on (A) Sale of Debtors' Assets or, in the Event the Debtors Do Not Close on the Sale of the Debtors' Assets, (B) Reorganization of Debtors' Operations.*

By: /s/  Patrick L. Huffstickler

Deborah D. Williamson
State Bar No. 21617500
Patrick L. Huffstickler
State Bar No. 10199240
Thomas Rice
State Bar No. 24025613
Meghan E. Bishop
State Bar No. 24055176
**COX SMITH MATTHEWS INCORPORATED**
112 E. Pecan Street, Suite 1800
San Antonio, Texas  78205
Telephone:  (210) 554-5500
Fax:  (210) 226-8395

**ATTORNEYS FOR TXCO DRILLING CORP.**

i

2811122.1

# TABLE OF CONTENTS

ARTICLE I. DEFINITIONS ....................................................................................1

    A.        Definitions                                    1

    B.        Rules of Interpretation, Computation of Time and Governing Law    6

ARTICLE II. ADMINISTRATIVE AND TAX CLAIMS.........................................7

    A.        Treatment of Administrative and Tax Claims    7

ARTICLE III. CLASSIFICATION OF CLAIMS AND INTERESTS AND
IDENTIFICATION OF IMPAIRED CLASSES OF CLAIMS AND
INTERESTS ...................................................................................9

    A.        Nature of Class Designations    9

    B.        Class Overview    10

ARTICLE IV. DESIGNATION AND TREATMENT OF CLASSES OF CLAIMS ................10

    A.        Treatment of Allowed Claims:  Classes 1 through 17    10

ARTICLE V. DISPUTED CLAIMS ......................................................................12

    A.        Prosecution of Objections to Claims    13

ARTICLE VI. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES .........................................................................................13

    A.        General Treatment; Rejection Unless Listed in Plan Supplement of
Assumed Agreements    13

    B.        Claims Arising From Rejection of Contracts    14

ARTICLE VII. PLAN IMPLEMENTATION ........................................................14

    A.        Means for Implementation of the Plan    14

    B.        Services by and Fees for Professionals    15

    C.        Litigation Claims    16

    D.        Pending Litigation    16

    E.        Office of the United States Trustee Compliance    17

ARTICLE VIII. MODIFICATION ........................................................................17

ARTICLE IX. EFFECT OF CONFIRMATION ..................................................17

    A.        Binding Effect of Confirmation    17

    B.        Discharge of Claims    17

    C.        Judicial Determination of Discharge    18

    D.        Injunction    18

    E.        Good Faith    19

2811122.1

F.          No Liability for Solicitation or Participation                    20

G.          Releases and Limitation of Liability of Exculpated Persons        20

H.          Effective Date Conditions                                         20

ARTICLE X. RETENTION OF JURISDICTION ....................................................21

ARTICLE XI. MISCELLANEOUS ..........................................................................22

A.          Severability                                                      22

B.          Withdrawal or Revocation of the Plan                              22

C.          Headings                                                          22

D.          Successors and Assigns                                            22

E.          Inconsistencies                                                   22

F.          Surrender of Instruments and Release of Liens                     22

G.          Applicability of Federal and Other Securites Laws                 22

ARTICLE XII. CONFIRMATION REQUEST .........................................................23

2811122.1

# ARTICLE I.
## DEFINITIONS

**A.**     **Definitions**

1.     **"Administrative Claim."**   A Claim for payment of an administrative expense of a kind specified in Bankruptcy Code Section 503(b) and referred to in Bankruptcy Code Section 507(a)(2), including, without limitation, the actual, necessary costs and expenses of preserving the estate and operating the businesses of TXCO Drilling, including wages, salaries, and commission for services rendered after the commencement of the Case, obligations for goods and services procured after the commencement of the Case, compensation for legal and other professional services and reimbursement of expenses awarded under Bankruptcy Code Sections 328, 330(a) and 331 and all fees and charges assessed against the Estate under Chapter 123 of title 28 of the United States Code.

2.     **"Administrative Tax Claim."**   An Unsecured Claim by a governmental unit for taxes (and for interest or penalties related to such taxes) for any tax year or period, all or a portion of which occurs or falls within the period from and including the Petition Date through and including the Effective Date.

3.     **"Affiliate."**   Any "affiliate" of TXCO Drilling as defined in Bankruptcy Code Section 101(2).

4.     **"Affiliate Claim."**   Any Unsecured Claim the Holder of which is an Affiliate.

5.     **"Allowed."**   When used in respect of a Claim or group of Claims, means:

   a.     if no proof of Claim has been timely filed, such amount of the Claim or group of Claims which has been scheduled by TXCO Drilling as liquidated in amount and not disputed or contingent and as to which no objection has been filed within the time required under this Plan, or otherwise fixed by the Bankruptcy Court, and which Claim is not disallowed under Bankruptcy Code Sections 502(d) or (e); or

   b.     if a proof of Claim has been filed by the Claims Bar Date, or is deemed timely filed by the Bankruptcy Court pursuant to Final Order, such amount of the Claim as to which no objection has been filed within the time required under this Plan or otherwise fixed by the Bankruptcy Court and which Claim is not disallowed under Bankruptcy Code Sections 502(d) or (e); or

   c.     such amount of the Claim which is allowed by a Final Order of the Bankruptcy Court; or

   d.     what is expressly allowed in a liquidated amount in this Plan.

1

6.    **"Allowed Claim."**  A Claim that is Allowed.

7.    **"Assets."**  All assets of the Estate as of the Effective Date including "property of the estate" as described in Bankruptcy Code Section 541.

8.    **"Assumed Executory Contracts and Unexpired Leases."**  Those executory contracts and unexpired leases assumed by TXCO Drilling pursuant to an Order of the Bankruptcy Court or to be assumed by TXCO Drilling on the Effective Date pursuant to this Plan.

9.    **"Avoidance Actions."**  All avoiding powers, and all rights and remedies under, relating to, or similar to Bankruptcy Code Sections 544, 545, 547, 548, 549, 551, or any other fraudulent conveyance, fraudulent transfer or preference laws.

10.    **"Bankruptcy Code."** The Bankruptcy Code, as codified in title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., including all amendments thereto, to the extent such amendments are applicable to the Case.

11.    **"Bankruptcy Court."**  The United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

12.    **"Bankruptcy Rules."**  The Federal Rules of Bankruptcy Procedure, as now in effect or hereafter amended and applicable to the Case.

13.    **"Case."**  The voluntary case under Chapter 11 of the Bankruptcy Code commenced May 17, 2009, styled *In re TXCO Drilling Corp.*, Bankruptcy Case No. 09-51809, and jointly administered in the Bankruptcy Court under Bankruptcy Case No. 09-51807, styled *In re TXCO Resources Inc., et al.*

14.    **"Cash."**  Cash or cash equivalents including, but not limited to, bank deposits, checks or other similar items.

15.    **"Claim."**  A Claim is a) any right to payment from TXCO Drilling, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, or b) any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from TXCO Drilling, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

16.    **"Claims Bar Date."**  The date by which a proof of Claim was or is required to be filed.  This date was determined by the Bankruptcy Court for non-governmental Claims to be September 22, 2009, and for Governmental Claims to be November 13, 2009.

17.    **"Class."**  A Class of Claims or Interests described in Article III of this Plan.

2

18.　　**"Confirmation."** The entry of the Confirmation Order.

19.　　**"Confirmation Date."** The date upon which the Bankruptcy Court enters the Confirmation Order.

20.　　**"Confirmation Hearing."** The hearing in the Bankruptcy Court on confirmation of this Plan.

21.　　**"Confirmation Order."** The order of the Bankruptcy Court confirming this Plan pursuant to Bankruptcy Code Section 1129.

22.　　**"Creditor."** The Holder of a Claim.

23.　　**"Debtor-in-Possession Credit Agreement."** The Credit Agreement by and among TXCO Resources Inc. and Each of Its Subsidiaries That Are Signatories Hereto, each as a debtor and debtor-in-possession as Borrowers, and The Lenders that are Signatories Hereto as the Lenders, and BD Funding I, LLC as Agent Dated as of June 15, 2009 setting out the terms of the DIP Loan.

24.　　**"DIP Lenders."** The Lenders under the Debtor-in-Possession Credit Agreement.

25.　　**"DIP Loan."** The Loan made by the DIP Lenders under the Debtor-in-Possession Credit Agreement.

26.　　**"DIP Loan Order**: The Final Order Under 11 U.S.C. §§ 105(A), 361, 363, AND 364 AND Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Incur Post-Petition Secured Indebtedness, (II) Granting Security Interests and Superpriority Claims, (III) Approving Use of Cash Collateral and (IV) Scheduling Final Hearing entered by the Bankruptcy Court approving the DIP Loan.

27.　　**"Disallowed."** Disallowed, when used with respect to a Claim, shall mean a Claim to the extent it has been disallowed by Final Order.

28.　　**"Disclosure Statement."** The Disclosure Statement in Support of Plan of Reorganization for TXCO Resources Inc. and Affiliated Debtors, including this Plan.

29.　　**"Disputed Claim."** A Claim in a particular Class or an Administrative Claim as to which an objection will be or has been filed or is deemed to have been filed under applicable law by TXCO Drilling or any other party in interest in accordance with this Plan, the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules or Order of the Bankruptcy Court, which objection has not been withdrawn or determined by a Final Order. At such time as a Disputed Claim is disallowed by a Final Order such Claim shall no longer be considered a Claim for any purpose under this Plan.

30.　　**"Distribution."** Any transfer under this Plan of Cash or other property.

31.     **"Distribution Date."**  The date, as determined by the Reorganized TXCO Drilling, upon which Distributions are made to holders of Allowed Claims entitled to receive Distributions under the Plan.

32.     **"Effective Date."**  The first business day after each of the following occurs: (i) the Confirmation Date and (ii) all "Effective Date Conditions" (as defined in the Plan) have been satisfied.

33.     **"Estate."**  The Estate of TXCO Drilling in the Case created pursuant to Bankruptcy Code Section 541(a).

34.     **"Exculpated Persons."**  Any of the professionals retained in the Case pursuant to 11 U.S.C. §§ 327 or 328 and the Disbursing Agent under the Sale Plan when acting as Disbursing Agent under this Plan.

35.     **"Final Order."**  An order, decree or judgment of the Bankruptcy Court, the operation or effect of which has not been reversed, stayed, modified or amended, and as to which order, decree or judgment (or any revision, modification or amendment thereof), the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for review or rehearing has been taken or is pending.

36.     **"General Unsecured Claim."**  Any Unsecured Claim against TXCO Drilling, however arising, including from the rejection of an executory contract or an unexpired lease, which is not an Administrative Claim, Priority Tax Claim, or a Priority Non-Tax Claim.

37.     **"Holder."**  The holder of a Claim against, or Interest in, TXCO Drilling.

38.     **"Interest."**  The interest of any holder of an equity security of TXCO Drilling, as defined in section 101(17) of the Bankruptcy Code.

39.     **"Liquidating Trust."**  The Liquidating Trust created under the Sale Plan for TXCO Resources and its affiliates.

40.     **"Litigation Claims."**  Any and all claims, demands, rights, defenses, actions, causes of action, suits, contract rights, defenses, offsets, powers, privileges, licenses and franchises of any kind or character whatsoever, known or unknown, suspected or unsuspected, whether arising prior to, on or after the Petition Date, in contract or in tort, at law or in equity, or under any other theory of law, of TXCO Drilling or its Estate against any Person or Party, including but not limited to (i) rights of setoff, counterclaim, or recoupment, and claims on contracts or for breaches of duties imposed by law, (ii) claims pursuant to Bankruptcy Code Section 362, (iii) such claims and defenses as fraud, mistake, duress and usury and (iv) all Avoidance Actions.

41.     **"Local Rules."**  The Bankruptcy Local Rules of the Bankruptcy Court.

42.     **"Person."**  An individual, a partnership, a corporation, a limited liability company, an association, a joint stock company, a joint venture, an estate, a trust, an

4

unincorporated organization, or any government or other political subdivision thereof or other entity.

43.     **"Petition Date."**  May 17, 2009.

44.     **"Plan."**  This Plan of Reorganization for TXCO Drilling Corp., including any amendments, supplements, and/or modifications to this Plan.

45.     **"Plan Documents" or "Plan Supplements."**  The exhibits, Schedules, agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

46.     **"Plan Rate"** means the rate of interest calculated at the federal judgment rate in accordance with section 1961 of title 28 of the United States Code or such other rate as may be ordered by the Bankruptcy Court.

47.     **"Priority Non-Tax Claim."**  A Claim that is not a Secured Claim and is specified as having priority in Bankruptcy Code Sections 507(a)(4) or 507(a)(5), respectively.

48.     **"Priority Tax Claim."**  A Claim entitled to priority under Bankruptcy Code Section 507(a)(8).

49.     **"Pro Rata."**  With respect to a particular Class of Claims, the ratio that the amount of a particular Allowed Claim in the Class bears to the total amount of Allowed Claims in the Class.

50.     **"Professionals."**  Professionals employed in the Case under 11 U.S.C. §§ 327, 328 and 1103.

51.     **"Professionals Claims Bar Date."**  The date by which all Professionals must file their application for final allowance of compensation and reimbursement for expenses.

52.     **"Reorganized TXCO Drilling."**  TXCO Drilling as it shall exist on and after the Effective Date.

53.     **"Sale Plan."**  The "Sale Plan" as set out and provided for in the TXCO Resources Plan.

54.     **"Schedules."**  TXCO Drilling's Schedules of Assets and Liabilities, including as amended at any time.

55.     **"Secured Claim."**  Any Claim that is secured by a lien on property in which TXCO Drilling, or its Estate has an interest or that is subject to setoff under Bankruptcy Code Section 553, to the extent of the value of the Claim Holder's interest in TXCO Drilling's or its Estate's interest in such property or to the extent of the amount

5

subject to setoff, as applicable, as determined pursuant to Bankruptcy Code Section 506(a).

56.     **"Secured Tax Claim."**  Any Secured Claim owing to a taxing authority.

57.     **"Securities Act."**  The Federal Securities Act of 1933, as amended.

58.     **"Term Loan Claims"**  Claims of the Term Loan Lenders under the TXCO Resources Plan.

59.     **"Twenty-Day Claims."**  Any Allowed Administrative Claim under Section 503(b)(9) of the Bankruptcy Code.

60.     **"TXCO Drilling."**  TXCO Drilling Corp., the debtor and debtor-in-possession in the Case and proponent of this Plan.

61.     **"TXCO Resources."**  TXCO Resources Inc., the entity owning 100% of the issued and outstanding stock of TXCO Drilling, and the Debtor and Debtor-in-Possession in Bankruptcy Case No. 09-51807, pending in the Bankruptcy Court.

62.     **"TXCO Resources Plan."**  The Plan of Reorganization for TXCO Resources, and its affiliates other than TXCO Drilling, in their Jointly Administered Bankruptcy Cases.

63.     **"Unclaimed Property."**  Any funds or property distributed to Creditors (together with any interest earned thereon) which are unclaimed as of one hundred eighty (180) days after the applicable Distribution.  Unclaimed Property will include, without limitation, checks which are to be distributed pursuant to this Plan which have not been cashed within 180 days of issuance.

64.     **"Unclassified Claim."**  Allowed Administrative Claims, including ordinary and necessary expenses of preserving the Estate under Sections 503(b) and 507(a)(2) of the Bankruptcy Code (including, but not limited to, professional fees and expenses, and debts incurred by TXCO Drilling during the case in the ordinary course of business and Twenty-Day Claims), post petition tax claims, and pre-petition priority tax claims (under 11 U.S.C. § 507(a)(8)).

65.     **"Unsecured Claim."**  Any Claim to the extent such Claim is not a Secured Claim.

66.     **"U.S. Trustee."**  The Office of the United States Trustee, or a representative thereof.

67.     **"Western National Bank."**  Western National Bank, the Class 3 Creditor.

**B.     Rules of Interpretation, Computation of Time and Governing Law**

6

1.    **Rules of Interpretation.**  For purposes of this Plan:  a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, will include both the singular and the plural; b) any reference in this Plan to a contract, instrument, release or other agreement or document being in a particular form or on particular terms and conditions means that such agreement or document will be substantially in such form or substantially on such terms and conditions; c) any reference in this Plan to an existing document or exhibit filed or to be filed means such document or exhibit, as it may have been or may be amended, modified or supplemented; d) unless otherwise specified, all references in this Plan to sections, articles and exhibits are references to sections, articles and exhibits of or to this Plan; e) the words "herein" and "hereto" refer to this Plan in its entirety rather than to a particular portion of this Plan; f) captions and headings to articles and sections are inserted for convenience of reference only and are not intended to be a part of, or to affect, the interpretation of this Plan; g) "after notice and a hearing," or a similar phrase has the meaning ascribed in Bankruptcy Code Section 102; h) "includes" and "including" are not limiting; i) "may not" is prohibitive, and not permissive; j) "or" is not exclusive; and k) U.S. Trustee includes a designee of the U.S. Trustee.

2.    **Computation of Time.**  In computing any period of time prescribed or allowed by this Plan, the provisions of Bankruptcy Rule 9006(a) will apply.

3.    **Governing Law.**  Except to the extent that the Bankruptcy Code, Bankruptcy Rules or Local Rules are applicable, and subject to the provisions of any contract, note, security agreement, instrument, release or other agreement or document entered into in connection with this Plan, the rights and obligations arising under this Plan will be governed by, and construed and enforced in accordance with, the laws of the State of Texas without giving effect to the principles of conflict of laws thereof to the same extent that a valid and binding contract to be governed by, construed, and enforced in accordance with the laws of the State of Texas without giving effect to the principles of conflict of laws thereof would be so governed, construed, and enforced.

### ARTICLE II.
### ADMINISTRATIVE AND TAX CLAIMS

**A.    Treatment of Administrative and Tax Claims**

Notwithstanding the following, the Holder of an Allowed Administrative Claim and the Reorganized TXCO Drilling may agree to less favorable treatment of the Allowed Administrative Claim.

1.    **Administrative Tax Claims**  Administrative Tax Claims will be paid on the later of (i) thirty (30) days following the Effective Date; (ii) thirty (30) days following the allowance of such Administrative Tax Calim or (iii) pursuant to the provisions of, and at the time provided in Section 505(b)(2) of the Bankruptcy Code.

2.    **Bar Date for Professionals**  Professionals or other entities requesting compensation or reimbursement of expenses pursuant to Bankruptcy Code Sections 327,

7

328, 330, 331, 503(b), or 1103 for services rendered prior to the Effective Date must file and serve on all parties entitled to notice thereof, an application for final allowance of compensation and reimbursement of expenses no later than sixty (60) days after the Effective Date (the "Professional's Claim Bar Date").  All such requests for payment of such Administrative Claims and applications for final allowance of compensation and reimbursement of expenses will be subject to the authorization and approval of the Bankruptcy Court.

   3. **Bar Date for All Other Administrative Claims** Except as otherwise provided herein, requests for allowance and payment of Administrative Claims (other than Administrative Tax Claims, Twenty-Day Claims [the bar date for which was August 21, 2009], professionals seeking compensation and reimbursement, and statutory fees as described below) must be filed and served on counsel for TXCO Drilling, Counsel for the DIP Lenders, counsel for the Lenders under the Exit Revolver Facility and the U.S. Trustee no later than thirty (30) days after the Effective Date.  Holders of purported Administrative Claims that do not file such requests by this date will be forever barred from asserting such purported Administrative Claims against TXCO Drilling, Reorganized TXCO Drilling, or any of their Assets or property.

   4. **Payment of Administrative Claims and Priority Tax Claims**

   a. Subject to the bar dates and other provisions set forth above, each Holder of an unpaid Administrative Claim or Administrative Tax Claim will receive (unless it agrees otherwise) Cash from Reorganized TXCO Drilling equal to the Allowed amount of such Claim, on the later of (i) the Effective Date; (ii) the date such Claim would be payable in the ordinary course of business;  (iii) if the Claim is disputed or objected to, twenty (20) days after the Claim becomes Allowed by entry of a Final Order; or such other date as may be agreed upon in writing by the holder of such Administrative Claim and TXCO Drilling or, after the Effective Date, Reorganized TXCO Drilling.

   b. Allowed Priority Tax Claims shall be paid by the Reorganized TXCO Drilling as follows:

   (1) Each Holder of an Allowed Priority Tax Claim will receive, in full satisfaction, settlement, release and discharge of and exchange for such allowed Priority Tax Claim, as will have been determined by TXCO Drilling or Reorganized TXCO Drilling, as applicable, either (i) on, or as soon as reasonably practicably after, the latter of the Effective Date or the date on which such Claim becomes an Allowed Claim, cash equal to the due and unpaid portion of such Allowed Priority Tax Claim, (ii) treatment in a manner consistent with Section 1129(a)(9)(C) of the Bankruptcy Code, or (iii) such different treatment as to which such Holder and TXCO Drilling or Reorganized TXCO Drilling, as applicable will have agreed upon in writing.  To the extent that TXCO Drilling elects under Section 1129(a)(9)(C) of the Bankruptcy Code to make regular installment

payments in Cash over a period of five years from the Petition Date, the Holder of the Allowed Priority Tax Claim will receive Post-Effective Date interest of six percent (6%) per annum with the first installment to be paid 30 days after the Effective Date.

(2)     The Reorganized TXCO Drilling shall have the right to pre-pay, at any time, any Allowed Priority Tax Claim, in whole or in part, together with unpaid accrued interest thereon without premium or penalty.

(3)     No Allowed Priority Tax Claim shall include interest unmatured and accrued subsequent to the Petition Date and prior to the Effective Date unless ordered by the Bankruptcy Court prior to Confirmation.  If any such Priority Tax Claim is disputed or subject to Bankruptcy Court approval, the payment or initial installment payment will be made ten (10) days after entry of Final Order allowing such Claim pursuant to treatment elected by TXCO Drilling provided for above.

(4)     All amounts paid by the Reorganized TXCO Drilling on account of any Allowed Claim held by a governmental entity shall be applied first to any "trust fund" amounts owing, then to any other balances due.

5.      **Statutory Fees**  On or as soon as practicable after the Effective Date, all Holders of Administrative Claims for fees due and payable pursuant to Section 1930 of title 28 of the United States Code, will receive Cash from the Reorganized TXCO Drilling in the amount of such Administrative Claim.  Post-Confirmation fees due pursuant to 28 U.S.C. § 1930, if any, will be paid by the Reorganized TXCO Drilling as and when due, until the closing of the Case.

6.      **Unclassified Claims**  Administrative Claims, Administrative Tax Claims and Priority Tax Claims are not classified under this Plan pursuant to Section 1123(a)(1) of the Bankruptcy Court.

## ARTICLE III.
## CLASSIFICATION OF CLAIMS AND INTERESTS AND IDENTIFICATION OF IMPAIRED CLASSES OF CLAIMS AND INTERESTS

A.      **Nature of Class Designations**

The following is a designation of the Classes of Claims and Interests under this Plan. Administrative Claims, Administrative Tax Claims and Priority Tax Claims have not been classified and are excluded from the following Classes in accordance with Bankruptcy Code Section 1123(a)(1).  A Claim will be deemed classified in a particular Class only to the extent that the Claim qualifies within the description of that Class and, unless otherwise provided in this Plan, will be deemed classified in a different Class to the extent that any remainder of the Claim qualifies within the description of such different Class.  A Claim is classified in a particular Class only to the extent that the Claim has not been paid, released, or otherwise satisfied before the Effective Date.  Notwithstanding the following descriptions of the treatment of Claims and Classes, the Holder of a Disputed Claim may not vote upon or receive a Distribution under this

9

Plan in respect to such Claim.

**B.     Class Overview**

This Plan contains the following Classes of Claims and Interests:

1.     Class 1:  Secured Tax Claims.  These Claims are not impaired under the Plan.

2.     Class 2:  Priority Non-Tax Claims.  These Claims are not impaired under the Plan.

3.     Class 3:  Western National Bank Secured Claim.  This claim is impaired under the Plan.

4.     Class 4:  Term Loan Claims.  These Claims are not impaired under the Plan.

5.     Class 5:  General Unsecured Claims.  These Claims are impaired under the Plan.

6.     Class 6:  Interests.  All Interests in TXCO Drilling and any Allowed Claims relating to these Interests are not impaired under the Plan.

7.     Class 7:  Claims of the DIP Lenders under the DIP loan.  These Claims are not impaired under the Plan.

**ARTICLE IV.**
**DESIGNATION AND TREATMENT OF CLASSES OF CLAIMS**

**A.     Treatment of Allowed Claims:  Classes 1 through 7**

With respect to the Classes of Claims, the treatment shall be as set forth below or as otherwise agreed between the Holder of an allowed Claim and TXCO Drilling in writing, provided such agreed treatment is less favorable than that set out below.

1.     **Class 1.  Secured Tax Claims**   Under the Plan, each holder of an Allowed Secured Tax Claim will receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Secured Tax Claim, as will have been determined by TXCO Drilling or by the Reorganized TXCO Drilling, as applicable, either (i) on, or as soon as reasonably practicable after, the later of the Effective Date, the date on which such Claim becomes an Allowed Claim, or the last date such Claim would be payable without penalty, Cash equal to the due and unpaid portion of such Allowed Secured Tax Claim, (ii) treatment in a manner consistent with Section 1129(a)(9)(C) and (D) of the Bankruptcy Code, or (iii) such different treatment as to which such holder and TXCO Drilling or the Reorganized TXCO Drilling, as applicable, will have agreed upon in writing.  To the extent that TXCO Drilling elects under Section 1129(a)(9)(C) of the Bankruptcy Code to make regular installment payments in Cash over a period of five years from the Petition Date, the holder of an Allowed Secured Tax Claim

10

will receive Post-Effective Date interest of 12 % per annum with the first installment to be made thirty days after the Effective Date.  Each holder of an Allowed Secured Tax Claim shall retain the liens securing such Claim until such Allowed Secured Tax Claim is paid in full.

2. **Class 2.  Priority Non-Tax Claims**  Certain Non-Tax Claims are entitled to priority under Bankruptcy Code Section 507(a)(4) (Claims for wages, salaries, or commissions) and Section 507(a)(5) (Claims for contributions to employee pension plans).

Each Holder of an Allowed Priority Non-Tax Claim will receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Priority Non-Tax Claim, as will have been determined by the TXCO Drilling or by the Reorganized TXCO Drilling, as applicable, either (i) on, or as soon as reasonably practicable after, the later of the Effective Date or the date on which such Claim becomes an Allowed Claim, Cash equal to the due and unpaid portion of such Allowed Priority Claim or (ii) such different treatment as to which such Holder and TXCO Drilling or the Reorganized TXCO Drilling, as applicable, will have agreed upon in writing.  As of the Confirmation Hearing, the TXCO Drilling estimates that there will be no Class 2 Allowed Priority Claims.  Class 2 is not impaired under the Plan.

3. **Class 3.  Secured Claim of Western National Bank**  The secured claim of Western National Bank, which claim is secured by the pre-petition lien of Western National Bank on TXCO Drilling's Rigs and related equipment, is classified as Class 3 under this Plan. The Allowed Secured Claim of Western National Bank shall be treated, at the election of TXCO Drilling, either by (1) reinstatement of the existing Western National Bank debt to its pre-default state pursuant to Section 1124(2) of the Bankruptcy Code, or (2) payment as soon as reasonably practicable after the Effective Date to Western National Bank in an amount equal to the amount of its Allowed Secured Claim, or (3) such other treatment of Western National Bank's Allowed Secured Claim as agreed to in writing between TXCO Drilling and Western National Bank. TXCO Drilling and Western National Bank agreed during the pendency of TXCO Drilling's Bankruptcy Case that TXCO Drilling would, as adequate protection, pay the outstanding interest accrued on the Western National Bank obligation at the non-default rate of interest and Western National Bank agreed to waive any right to assert default interest in connection with its Claim.

4. **Class 4:  Term Loan Claims**:  To the extent the Term Loan Claims are not fully secured and paid under the Sale Plan, the Term Loan Lenders shall receive all funds available to be distributed for General Unsecured Claims on account of any lien they may have against the assets of TXCO Drilling until their claims are satisfied in full. Allowed General Unsecured Claims shall receive no distribution until the Term Loan Lenders' Claims are satisfied in full on a final basis.

5. **Class 5.  General Unsecured Claims**  Each Holder of an Allowed General Unsecured Claim in Class 5 shall have their claim paid in full, as soon as reasonably practicable after the Effective Date in an amount equal to the principal amount of such Allowed Claim, plus reasonable attorneys' fees but only to the extent allowed by the Court under applicable law and Post-Petition Interest at the Plan Rate on such Claim, determined as set forth below or (ii) such different treatment **as agreed to in writing.**

11

6. Except as established pursuant to the procedure set forth herein, Post-Petition Interest on Class 5 Allowed General Unsecured Claims shall be calculated at the Plan Rate. Any holder of an Allowed General Unsecured Claim seeking (a) payment of Post-Petition Interest on such holder's Claim at a rate other than the Plan Rate and/or (b) reimbursement of attorneys' fees and other costs and expenses associated with such holder's Claim (or both) shall file a motion seeking such relief within thirty (30) days after the Effective Date. Any such motion must include all of the documentation upon which the Claimant relies including, but not limited to, any contract with the Debtors and invoices reflecting attorneys' fees and costs actually incurred, to establish the Claimant's entitlement to (a) Post-Petition Interest at a rate other than the Plan Rate and (b) attorneys' fees and other costs and expenses. **THE INCLUSION OF THE ENTITLEMENT TO THESE TYPES OF CLAIMS IN PROOFS OF CLAIM PREVIOUSLY FILED SHALL NOT BE SUFFICIENT TO ESTABLISH SUCH CLAIMS WITHOUT A SUPPLEMENTAL FILING BY A CLAIMANT WITHIN THE SPECIFIED TIME PERIOD.** TXCO Drilling shall have thirty (30) days from receipt of any such motion to resolve any objection to the motion without need of Bankruptcy Court approval; in which case, a notice will be filed that the matter has been resolved; *provided, however*, that the Bankruptcy Court retains jurisdiction to resolve any objections to such motions in the event an agreement cannot be reached.

7. **Class 6. Interests** All of the equity Interests in TXCO Drilling are held by TXCO Resources. TXCO Resources and, upon the Effective Date of the Sale Plan, the Liquidating Trust shall retain, or be transferred, as applicable, the Interests in TXCO Drilling upon confirmation of the TXCO Drilling Plan. Such Interests shall remain voting Interests and the governing documents for TXCO Drilling's Interests shall remain in place and continue to be effective. Upon payment in full of all Allowed Claims against TXCO Drilling, through the TXCO Drilling Plan or otherwise, the remaining Assets of TXCO Drilling may be transferred to the Liquidating Trust and TXCO Drilling dissolved.

8. **Class 7. Claims of the DIP Lenders under the DIP Loan** The DIP Loan shall be satisfied through the provisions of the Sale Plan. To the extent not fully paid upon confirmation of the Sale Plan and the Sale Plan becoming effective, the Claims of the DIP Lenders under the DIP Loan are unimpaired and the DIP Lenders shall retain all rights under the Debtor-in-Possession Credit Agreement and DIP Loan Order.

## ARTICLE V.
## DISPUTED CLAIMS

A Disputed Claim shall not be entitled to a Distribution until after an objection to the Disputed Claim is withdrawn, settled or determined by Final Order. Distributions due on account of any Disputed Claim will be paid by the Reorganized **T**XCO Drilling no later than twenty (20) days after the date the Disputed Claim becomes an Allowed Claim or Allowed Administrative Claim pursuant to a Final Order, unless such Final Order provides otherwise. Reorganized TXCO Drilling will bring all objections as to Disputed Claims not later than one-hundred twenty (120) days following the Effective Date.

12

A.    **Prosecution of Objections to Claims**

Only Reorganized TXCO Drilling or the Trustee of the Liquidating Trust under the Sale Plan may file objections to Claims after the Effective Date of the Plan.  The failure of TXCO Drilling prior to Confirmation to object to a Claim shall in no way be deemed to be a waiver of the right of TXCO Drilling, the Trustee of the Liquidating Trust under the Sale Plan or Reorganized TXCO Drilling to object to a Claim, in whole or part.  TXCO Drilling and, as applicable, Reorganized TXCO Drilling or the Trustee of the Liquidating Trust under the Sale Plan, reserves the right to contest and object to any Claim asserted against TXCO Drilling, including any Claim not listed in the Schedules, listed therein as disputed, contingent and/or unliquidated, or listed therein at a lesser amount than asserted in a Proof of Claim.

## ARTICLE VI.
## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

A.    **General Treatment - Rejection Unless Listed in Plan Supplement of Assumed Agreements**

Except as otherwise provided herein, on the Effective Date, all executory contracts and unexpired leases as of the Confirmation Date to which TXCO Drilling or its Estate was a party on or prior to Confirmation, and which have not been assumed by TXCO Drilling, will be rejected pursuant to Bankruptcy Code Sections 365 and 1123 to the extent, if any, that such contract or lease constitutes an executory contract or unexpired lease.  TXCO Drilling does not concede that any contract or lease constitutes an executory contract or unexpired lease or that TXCO Drilling has any liability thereunder.  The Confirmation Order will constitute an order of the Bankruptcy Court approving all such, pursuant to Bankruptcy Code Section 365 as of the Confirmation Date.  All claims for rejection shall receive treatment as a Class 5 claim.  A list of executory contracts and/or unexpired leases to be assumed by TXCO Drilling which have not been previously assumed or rejected will be filed as a Plan Supplement and those agreements will be assumed under this Plan pursuant to Section 365 and 1123(b)(2).  The amount necessary to cure any monetary defaults will be included on the Plan Supplement.  Any party to an executory contract or unexpired lease that disagrees with TXCO Drilling's proposed cure amount must file an objection to the cure amount no later than the date set by the Bankruptcy Court.  If there is a dispute regarding (a) the nature or amount of Cure, (b) the ability of TXCO Drilling to provide "adequate assurance of performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (c) any other matter pertaining to assumption, the matter shall be set for hearing before the Bankruptcy Court on the next available hearing date, or such other date as may be agreed upon, and Cure shall occur following the entry of a Final Order of the Bankruptcy Court resolving the dispute and approving assumption, as applicable; provided, however, that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, TXCO Drilling shall have the right to reject the contract or lease for a period of five (5) days after entry of a Final Order establishing a Cure amount in excess of 25% of that provided by TXCO Drilling.  If the Cure amount is not disputed, Reorganized TXCO Drilling shall pay the claim, if any, to the claimant within twenty (20) days of the Effective Date.  Disputed cure amounts that are resolved by agreement or Final Order shall be paid by Reorganized TXCO Drilling within twenty (20) days of such agreement or Final Order.

13

**B.**    **Claims Arising From Rejection of Contracts**

Any Claim for damages arising from the rejection under this Plan or under Bankruptcy Code Section 365 of an executory contract or unexpired lease of TXCO Drilling that has not been assumed pursuant to a prior order of the Bankruptcy Court, pursuant to the Plan or under Bankruptcy Code Section 365: 1) will be determined and Allowed or disallowed under Bankruptcy Code Section 502(g), and, to the extent Allowed, will be classified in Class 5, unless the Plan provides otherwise; and 2) will be unenforceable against TXCO Drilling, and its property and will be forever barred from receiving any Distribution unless a proof of such Claim is filed with the Court and served upon counsel for TXCO Drilling or TXCO Drilling prior to thirty (30) days after the entry of the Confirmation Order.  Notwithstanding the rejection of any executory contract or unexpired lease at any time during the Case, TXCO Drilling reserves all rights and defenses which TXCO Drilling or its Estate may have or have had against the other parties to such contracts and leases.

**ARTICLE VII.**
**PLAN IMPLEMENTATION**

**A.**    **Means for Implementation of the Plan**

1.    **Execution of Documents and Company Action**  As soon as reasonably practicable on or following the Effective Date, TXCO Drilling shall deliver all documents and perform all actions reasonably contemplated with respect to implementation and consummation of the Plan.

2.    **Distributions and Plan Funding**  TXCO Drilling anticipates that it will be able to implement this Plan and make the Distributions required thereby through either (1) payment by TXCO Resources of the DIP Loan and payment of professional fees, (2) payment by TXCO Resources to TXCO Drilling under its Confirmed Sale Plan on account of TXCO Drilling's Secured and/or Unsecured Claims against TXCO Resources in amounts sufficient to fund TXCO Drilling's Plan obligations, or (3) liquidation of certain of TXCO Drilling's assets in an amount sufficient to pay all Allowed Claims.  TXCO Drilling believes that TXCO Resources under the Sale Plan will have the financial wherewithal to satisfy the DIP Loan obligations and the professional fee obligations post-confirmation as well as make distributions to TXCO Drilling in an amount sufficient to allow TXCO Drilling to satisfy its Allowed Secured Claims and/or Allowed Unsecured Claims pursuant to the terms of this Plan.   Moreover, the value of TXCO Drilling's assets should exceed by a wide margin the Allowed Secured Claims and Allowed Unsecured Claims asserted against TXCO Drilling without consideration of distributions from TXCO Resources.  TXCO Drilling anticipates that Reorganized TXCO Resources under the Sale Plan will pay all of the claims of TXCO Drilling in full on the Effective Date of the Sale Plan, or as soon as reasonably possible thereafter, and all right, title and interest in TXCO Drilling's Assets may then be transferred to  the Liquidating Trust under the Sale Plan.

3.    **Name and Address of Holder**  For purposes of all Distributions, the Reorganized TXCO Drilling will be entitled to rely on the name and address of the Holder

14

of each Allowed Claim as shown on any timely filed Proof of Claim and, if none, as shown on the Schedules, except to the extent that TXCO Drilling first receives adequate written notice of a transfer or change of address, properly executed by the Holder or its authorized agent.

4. **Means of Cash Payment and Disbursing Agent**  Cash payments made pursuant to the Plan shall be in U.S. funds, by check drawn on a domestic bank or by wire transfer from a domestic bank.  The Disbursing Agent under the Sale Plan may be utilized as Disbursing Agent to make the distributions under this Plan.

5. **Delivery of Distributions**  Distributions and deliveries to Holders of Allowed Claims shall be made at the addresses set forth on the proofs of claim or proofs of interest filed by such Holders (or at the last known addresses of such Holders if no proof of claim or proof of interest is filed or if Reorganized TXCO Drilling has been notified of a change of address).  If any Holder's Distribution is returned as undeliverable, no further Distributions to such Holder shall be made unless and until the Reorganized TXCO Drilling is notified of such Holder's then current address, at which time Distributions shall be made to such Holder without interest.

6. **Returned Distributions and Unclaimed Property**  The Reorganized TXCO Drilling will file with the Bankruptcy Court on the first anniversary of the Effective Date a listing of all returned Distributions and Unclaimed Property.  Any party which did not receive its Distributions on such returned Distributions and Unclaimed Property list shall request redelivery of the returned Distribution and Unclaimed Property within sixty (60) days of the filing of the list, or, after such date, all returned Distributions or Unclaimed Property shall revert to the Reorganized TXCO Drilling, and the Claim of any Holder with respect to such unclaimed Distribution or Unclaimed Property shall thereafter be discharged and forever barred and no further Distributions on account of such Claim shall be made.

**B.    Services by and Fees for Professionals**

1. **Services by Professionals and Certain Parties after the Effective Date**  After the Effective Date, it is anticipated that the professionals retained by TXCO Drilling will be assisting in the effectuation of this Plan.  Employment and payment of professionals employed by the Reorganized TXCO Drilling after the Effective Date will not be subject to Bankruptcy Court approval.

2. **Fees for Professionals and Certain Parties**

a. **Prior to the Effective Date**  Fees and expenses for the professionals retained by TXCO Drilling for services rendered and costs incurred after the Petition Date and prior to the Effective Date, will be fixed by the Bankruptcy Court after notice and a hearing and such fees and expenses will be paid (less deductions for any and all amounts thereof already paid to such Persons) after approval by the Bankruptcy Court to the extent so approved as provided in this Plan.

15

b.    **From the Effective Date**   The Reorganized TXCO Drilling will be responsible for payment of fees and expenses incurred by its Professionals following the Effective Date, without the necessity of Bankruptcy Court approval.

## C.   Litigation Claims

1.    Except as released by this Plan or pursuant to other order of the Bankruptcy Court, the Litigation Claims of TXCO Drilling shall be transferred to Reorganized TXCO Drilling on the Effective Date and thereafter to the Liquidating Trust upon the dissolution of Reorganized TXCO Drilling and shall vest in Reorganized TXCO Drilling and thereafter in the Liquidating Trust upon the dissolution of Reorganized TXCO Drilling and Reorganized TXCO Drilling and the Liquidating Trust upon the dissolution of Reorganized TXCO Drilling shall retain all rights, claims, and causes of action that belonged to TXCO Drilling pre-confirmation, specifically including, but not limited to, all Litigation Claims against Jake's Equipment & Repair, LLC and its affiliates, officers, members and interest holders and ADA Energy Services, LLC.  Any claims for wrongful offset or recoupment shall vest in the Reorganized TXCO Drilling and thereafter in the Liquidating Trust upon the dissolution of Rreorganized TXCO Drilling.  Except as released by the Plan or other Final Order, Reorganized TXCO Drilling and the Liquidating Trust upon the dissolution of Reorganized TXCO Drilling may commence or advance any Litigation Claims following the Effective Date including, without limitation, Avoidance Actions.  As identified in the Disclosure Statement, in light of the fact that all Claims are expected to be paid in full, it is likely that no Avoidance Action Litigation Claims will be pursued.

2.    Except as otherwise set forth in this Plan, Reorganized TXCO Drilling and thereafter the Liquidating Trust upon the dissolution of Reorganized TXCO Drilling may, but will not be required to, setoff against any Claim and the Distributions in respect of such Claim, any Litigation Claims it may have against the Holder of a Claim.  However, neither the failure to do so nor the allowance of any Claim against TXCO Drilling will constitute a waiver or release of any Litigation Claim or any set-off or recoupment rights which the Reorganized TXCO Drilling and the Liquidating Trust upon the dissolution of Reorganized TXCO Drilling may have against such Holder.

3.    Unless a Litigation Claim is expressly waived, relinquished, released, compromised or settled in this Plan or in a Final Order, all rights with respect to such Litigation Claims are reserved and transferred to the Reorganized TXCO Drilling and thereafter to the Liquidating Trust upon the dissolution of Reorganized TXCO Drilling to pursue such Litigation Claims.

## D.   Pending Litigation

### 1.    Compromises and Settlements

Pursuant to Section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), prior to the Effective Date, TXCO Drilling may compromise and settle Claims against TXCO

16

Drilling and claims that TXCO Drilling has against other Persons. TXCO Drilling expressly reserves the right (with Bankruptcy Court approval following appropriate notice and opportunity for a hearing) to compromise and settle Claims against it and claims that it has against other Persons up to and including the Effective Date. After the Effective Date, Reorganized TXCO Drilling and the Liquidating Trust upon the dissolution of Reorganized TXCO Drilling may compromise and settle any Claims against it and any claims it may have against other Persons without approval from the Bankruptcy Court.

### E.     Office of the United States Trustee Compliance

Reorganized TXCO Drilling shall provide the Office of the United States Trustee with financial reporting on a quarterly basis in the form of affidavits of disbursements from the operation and disbursements under this Plan. Fees payable to the Office of the United States Trustee shall be payable until a final decree is entered in the Case. The proper measurement of the amount of such fees is expressly left unadjudicated by this Plan.

**ARTICLE VIII.**
**MODIFICATION**

Pursuant to the provisions of Bankruptcy Code section 1127, TXCO Drilling reserves the right to modify or alter the provisions of this Plan at any time prior or subsequent to Confirmation.

**ARTICLE IX.**
**EFFECT OF CONFIRMATION**

### A.     Binding Effect of Confirmation

Upon the occurrence of the Effective Date, confirmation of the Plan will bind TXCO Drilling, all Creditors and Interest Holders and all other parties in interest to the provisions of this Plan whether or not the Claim or Interest of such Creditor or Interest Holder is impaired under this Plan and whether or not such Creditor or Interest Holder has accepted this Plan. Vesting of Assets Free and Clear of Liens, Claims, Encumbrances and Interests

1.     Subject to the other terms of, and except as provided by or in, the Plan, or Confirmation Order, upon, and effective as of, the Effective Date, all property and Assets of TXCO Drilling and its bankruptcy Estate shall vest in the Reorganized TXCO Drilling, free and clear of any and all liens, claims, encumbrances, and interests.

2.     Subject to the other terms of, and except as provided by or in, the Plan, or Confirmation Order, Reorganized TXCO Drilling, will hold its property and Assets without further jurisdiction, restriction or supervision of the Bankruptcy Court, except as expressly provided in this Plan.

### B.     Discharge of Claims

Subject to the other terms of, and except as provided by or in, the Plan or Confirmation Order, effective as of and upon the occurrence of the Effective Date: (i) the rights afforded under

17

the Plan and the treatment of Claims under the Plan will be in exchange for and in complete satisfaction, discharge, and release of all Claims against TXCO Drilling, (ii) the Plan shall discharge TXCO Drilling from all Claims and Causes of Action, whether known or unknown, against liabilities of, liens on, and obligations of TXCO Drilling, or any of its Assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims, including, but not limited to, demands and liabilities that arose before the Confirmation Date and all Claims of all kinds specified in Bankruptcy Code Sections 502(g), (h) and (i), whether or not a proof of Claim based on such debt is filed or deemed filed under Section 501, such Claim is allowed under Section 502, or a Holder of a Claim based on such debt has accepted the Plan, and (iii) the Confirmation Order shall be a judicial determination of the discharge of all liabilities of TXCO Drilling.

## C.     **Judicial Determination of Discharge**

Subject to the other terms of, and except as provided by or in the Plan or the Confirmation Order, effective as of and upon the occurrence of the Effective Date: (i) all Persons or entities shall be precluded from asserting against TXCO Drilling and its Assets any other or further Claims, debts, rights, causes of action or liabilities based on any act, omission, transaction or other activity of any kind or nature that occurred before the Confirmation Date, and (ii) the Confirmation Order shall be a judicial determination of discharge of all Claims against TXCO Drilling to the fullest extent authorized by applicable law, pursuant to Bankruptcy Code Sections 524 and 1141, and shall void any judgment obtained or entered against TXCO Drilling at any time prior to the Effective Date.

## D.     **Injunction**

Subject to the other terms of, and except as provided by or in, the Plan or the Confirmation Order, effective as of and upon the occurrence of the Effective Date, all Persons that have held, currently hold or may hold a Claim against TXCO Drilling that is discharged pursuant to the Plan are permanently enjoined from taking any of the following actions on account of such discharged Claims, debts, or liabilities or rights against TXCO Drilling: (a) commencing or continuing in any manner any action or other proceeding against TXCO Drilling, or any of its property, (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or other against TXCO Drilling, or any of its property or Assets, (c) creating, perfecting or enforcing any lien or encumbrance against TXCO Drilling, or any of its property or Assets, (d) asserting a right of set-off, subrogation or recoupment of any kind against any debt, liability or obligation due to TXCO Drilling and (e) commencing or continuing any action against TXCO Drilling, that does not comply with or is inconsistent with the provisions of the Plan.

1.     **Responsible Party Injunction**  Subject to the other terms of, and except as provided by or in, the Plan or the Confirmation Order, effective as of and upon the occurrence of the Effective Date, the Confirmation Order shall constitute and provide for an injunction by the Bankruptcy Court as of the Effective Date against any Holder of a Priority Tax Claim or Holder of any other tax claim from commencing or continuing any action or proceeding against any responsible person or officer or director, past or present, of TXCO Drilling that otherwise would be liable to such Holder for payment of a Priority

18

Tax Claim or any other tax Claim. However if the Reorganized TXCO Drilling is in default of the payment terms under this Plan, the taxing entity may pursue its remedies as to the responsible party but nothing herein shall enlarge or increase any such remedies or affect or limit any defenses of any alleged responsible person.

2.　**Lawsuits**　Subject to the other terms of, and except as provided by or in, the Plan or the Confirmation Order, effective as of and upon the occurrence of the Effective Date: (i) all lawsuits, litigations, administrative actions or other proceedings, judicial or administrative pending as of the Effective Date against TXCO Drilling, in connection with the assertion of a discharged Claim against TXCO Drilling, shall (other than such proceedings or contested matters pending in the Bankruptcy Court) be dismissed as to TXCO Drilling, (ii) such dismissal shall be with prejudice to the assertion of such discharged Claim in any manner against TXCO Drilling or Reorganized TXCO Drilling, other than as set forth by the Plan, (iii) all parties to any such action shall be enjoined by the Bankruptcy Court in the Confirmation Order from taking any action against TXCO Drilling or Reorganized TXCO Drilling, to impede the immediate and unconditional dismissal of such actions, and (iv) all lawsuits, litigations, administrative actions or other proceedings, judicial or administrative, in connection with the assertion of a claim by TXCO Drilling against a Person shall remain in place only with respect to the claim asserted by TXCO Drilling, and shall become property of Reorganized TXCO Drilling, to prosecute, settle or dismiss as Reorganized TXCO Drilling sees fit.

3.　**Insurance**　Confirmation and consummation of the Plan shall have no effect on insurance policies of TXCO Drilling in which TXCO Drilling is or was the insured party or an additional insured and Reorganized TXCO Drilling shall become the insured party under any such policies. Each insurance company is prohibited from, and the Confirmation Order may include an injunction against, denying, refusing, altering or delaying coverage on any basis regarding or related to TXCO Drilling's bankruptcy, the Plan or any provision within the Plan, including the treatment or means of liquidation of Claims set out within the Plan for Claims subject to insurance coverage.

4.　**Creditor Injunction**　Subject to the other terms of, and except as provided by or in, the Plan or the Confirmation Order, effective as of and upon the occurrence of the Effective Date, the Confirmation Order shall constitute and provide for an injunction by the Bankruptcy Court as of the Effective Date against any Holder of a Claim who voted in favor of the Plan from commencing or continuing any action or proceeding against any responsible person or officer, director, or employee, past or present, of TXCO Drilling.

## E.　**Good Faith**

Confirmation of the Plan shall constitute a finding that: (i) the Plan has been proposed in good faith and in compliance with applicable provisions of the Bankruptcy Code; and (ii) the offer, issuance, sale or purchase of a security offered or sold under the Plan has been in good faith and in compliance with applicable provisions of the Bankruptcy Code.

**F.**   **No Liability for Solicitation or Participation**

Pursuant to section 1125 of the Bankruptcy Code, Persons that solicit acceptances or rejections of this Plan and/or that participate in the offer, issuance, sale, or purchase of securities offered or sold under or in connection with this Plan, in good faith and in compliance with the applicable provisions of the Bankruptcy Code, shall not be liable, on account of such solicitation or participation, for violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or the offer, issuance, sale, or purchase of securities.

**G.**   **Releases and Limitation of Liability of Exculpated Persons**

The Exculpated Persons shall not have or incur any liability to any Creditor or past or present Holder of an Interest or Claim for any act taken or omission made in good faith in connection with or in any way related to negotiating, formulating, implementing, confirming, or consummating this Plan, the Disclosure Statement or any contract, instrument, filing with governmental agencies, release, or other agreement or document created in connection with or related to this Plan, any prior plan or disclosure statement of TXCO Drilling, or the administration of the Bankruptcy Case, nor with respect to any liability, claim or cause of action, whether known or unknown, asserted or unasserted, belonging to or assertable by TXCO Drilling or its Estate against the Exculpated Persons, from the beginning of time until the Effective Date. The Exculpated Persons shall have no liability to any Creditor or past or present Holder of a Claim for actions taken in good faith under or relating to this Plan or in connection with the administration of the Bankruptcy Case including, without limitation, failure to obtain confirmation of this Plan or to satisfy any condition or conditions precedent, or waiver of or refusal to waive any condition or conditions precedent to Confirmation or to the occurrence of the Effective Date. Further, the Exculpated Persons shall not have or incur any liability to any Creditor or past or present Holder of a Claim for any act or omission in connection with or arising out of their administration of this Plan, except for gross negligence or wilful misconduct as determined by the Bankruptcy Court.

**H.**   **Effective Date Conditions**

The Plan is effective and in force and effect provided:

a.   The Confirmation Order shall be in form and substance acceptable to TXCO Drilling and shall have been entered by the Bankruptcy Court and shall be a Final Order, and no request for revocation of the Confirmation Order under Bankruptcy Code Section 1144 shall have been made, or, if made, shall remain pending.

b.   The "Sale Plan" under the TXCO Resources Plan shall have been confirmed and such Confirmation Order shall be a Final Order.

c.   The "Sale Plan" shall become effective.

d.   TXCO Drilling's claims against TXCO Resources shall be Allowed and paid under the Sale Plan in an amount sufficient to satisfy TXCO Drilling's obligations under this Plan.

20

Any of these Effective Date conditions may be waived by TXCO Drilling.

Upon the occurrence of the Effective Date, TXCO Drilling shall file and serve a Notice of the Effective Date in the Case.  Such Notice may be combined with a Notice of the Effective Date of the TXCO Resources Sale Plan.

## ARTICLE X.
## RETENTION OF JURISDICTION

Notwithstanding Confirmation, the Bankruptcy Court will retain jurisdiction for all of the following purposes plus such other purposes as may be provide by the Bankruptcy Code and Bankruptcy Court to the fullest extent allowable:

1.       The determination of the classification, allowance and amount of Claims (the failure of TXCO Drilling to object to any Claim as of the Effective Date shall not be deemed to be a waiver of the right to object to the Claim in whole or in part);

2.       The determination of requests for payment of Claims entitled to priority under Bankruptcy Code Section 507(a)(2);

3.       The resolution of any disputes regarding the interpretation, enforcement, breach, performance and/or a default under this Plan;

4.       The interpretation, implementation, execution or consummation of the provisions of this Plan (and any dispute with regard thereto) and entry of orders in aid of consummation or enforcement of this Plan, including without limitation, appropriate orders to effect the provisions of this Plan and to protect TXCO Drilling and Reorganized TXCO Drilling from Creditors' actions;

5.       The modification of this Plan pursuant to Bankruptcy Code Section 1127;

6.       The adjudication of any Litigation Claim or cause of action or claim for relief, including Avoidance Actions;

7.       Hearing and determination of matters concerning state, local or federal taxes pursuant to Sections 346, 505, 525, 1146 and other tax-related provisions of the Bankruptcy Code;

8.       The allowance of any post-Confirmation Date professional fees requiring Court allowance (if any) under this Plan;

9.       The determination of cure amounts under Bankruptcy Code Section 365; and

10.       The entry of a final decree closing the Case.

# ARTICLE XI.
# MISCELLANEOUS

**A.  Severability**

Should the Bankruptcy Court determine, prior to the Confirmation Date, that any provision of the Plan is illegal or unenforceable as written or as applied to any Claim or Interest, as the case may be, such provision shall be either unenforceable generally or as applied to such Claim or Interest.  A determination of unenforceability shall in no respect limit or affect the enforceability and operative effect of any other provision of the Plan or of that provision as applied to other Claims or Interests.

**B.  Withdrawal or Revocation of the Plan**

TXCO Drilling reserves the right to revoke or withdraw the Plan prior to the Confirmation Date.  If TXCO Drilling should revoke or withdraw the Plan, then the Plan shall be null and void, and nothing contained in the Plan shall constitute a waiver or release of any Claims or Interests, or prejudice in any manner the rights of TXCO Drilling or any Affiliates.

**C.  Headings**

The heading of the articles and sections of the Plan are for convenience only and shall in no way affect the interpretation of its provisions.

**D.  Successors and Assigns**

The rights, benefits and obligations of any Person referred to in the Plan shall be binding on, and shall inure to the benefit of, the heirs, executors, administrators, successors and assigns of such Persons.

**E.  Inconsistencies**

In the event of any inconsistency between the terms of this Plan and the Confirmation Order, the terms of the Confirmation Order shall control.

**F.  Surrender of Instruments and Release of Liens**

Except as otherwise provided in the Plan, each Creditor who is to receive Distributions under the Plan in full satisfaction of Secured Claim(s) shall not receive such Distributions until such Creditor executes a release of such lien(s) (in recordable form if appropriate) and delivers the same to the Reorganized TXCO Drilling.  Any such Holder that fails to surrender such instrument or satisfactorily explain its non-availability or to execute such release of liens shall be deemed to have no further Claim and shall not participate in any Distributions under the Plan.

**G.  Applicability of Federal and Other Securities Laws**

TXCO Drilling and Reorganized TXCO Drilling specifically reserves all rights and protections, as they relate to Federal and other securities laws, afforded to TXCO Drilling and

PLAN OF REORGANIZATION
2811122.1

Reorganized TXCO Drilling under the Bankruptcy Code specifically including, but not limited to, 11 U.S.C. § 1145.

## ARTICLE XII.
## CONFIRMATION REQUEST

TXCO Drilling hereby requests that the Bankruptcy Court confirm this Plan pursuant to Bankruptcy Code Section 1129(a), and, if necessary, pursuant to Bankruptcy Code Section 1129(b).

Dated this **25** day of January 2010.

TXCO Drilling Corp.

/s/

James E. Sigmon
Chief Executive Officer

23