# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| In re: | § | CHAPTER 11 CASE |
|---|---|---|
| | § | |
| TXCO RESOURCES INC., *et al.*, | § | CASE NO. 09-51807 |
| | § | |
| Debtors. | § | Jointly Administered |

**NOTICE OF (A) ENTRY OF ORDER CONFIRMING SECOND AMENDED PLAN OF REORGANIZATION FOR TXCO RESOURCES INC., ET AL., DEBTORS AND DEBTORS-IN-POSSESSION BASED ON SALE OF DEBTORS' ASSETS, AS MODIFIED AND (B) BAR DATES FOR FILING PROFESSIONAL FEE/SUBSTANTIAL CONTRIBUTION CLAIMS AND REJECTION DAMAGES CLAIMS**

| Name of Debtor | Other Names Used (Last 8 Years) | Address | Tax I.D. | Case No. |
|---|---|---|---|---|
| TXCO Resources Inc. | The Exploration Company of Delaware, Inc., a/k/a TXCO, The Exploration Company | 777 E. Sonterra Blvd. Suite 350 San Antonio, TX 78258 | 84-0793089 | 09-51807 |
| Eagle Pass Well Service, L.L.C. | | 777 E. Sonterra Blvd. Ste. 350 San Antonio, TX 78258 | 42-1547634 | 09-51808 |
| TXCO Drilling Corp. | Maverick-Dimmit Operating, Inc. | 777 E. Sonterra Blvd. Ste. 350 San Antonio, TX 78258 | 42-2110514 | 09-51809 |
| Charro Energy, Inc. | Texas Tar Sands, Inc. | 777 E. Sonterra Blvd. Ste. 350 San Antonio, TX 78258 | 35-2346186 | 09-51810 |
| Output Acquisition Corp. | Output Exploration, LLC | 777 E. Sonterra Blvd. Ste. 350 San Antonio, TX 78258 | 20-8455239 | 09-51811 |
| TXCO Energy Corp. | | 777 E. Sonterra Blvd. Ste. 350 San Antonio, TX 78258 | 20-5811556 | 09-51812 |
| Opex Energy, LLC | White Oak Energy, LLC | 777 E. Sonterra Blvd. Ste. 350 San Antonio, TX 78258 | 38-3645124 | 09-51813 |
| Texas Tar Sands, Inc. | | 777 E. Sonterra Blvd. Ste. 350 San Antonio, TX 78258 | 20-5043839 | 09-51814 |
| Maverick Gas Marketing, Ltd. | | 777 E. Sonterra Blvd. Ste. 350 San Antonio, TX 78258 | 04-3691394 | 09-51815 |
| Maverick-Dimmit Pipeline, Ltd. | | 777 E. Sonterra Blvd. Ste. 350 San Antonio, TX 78258 | 04-3661325 | 09-51816 |
| PPL Operating, Inc. | | 777 E. Sonterra Blvd. Ste. 350 San Antonio, TX 78258 | 74-2846224 | 09-51817 |

TO: ALL PARTIES IN INTEREST

PLEASE TAKE NOTICE THAT:

1. On January 27, 2010, the United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy Court") entered its *Order Confirming Second Amended Plan of Reorganization for TXCO Resources Inc., et al., Debtors and Debtors-in-Possession based on Sale of Debtors' Assets, as Modified* (the "Confirmation Order"). Unless otherwise defined herein, capitalized terms used in this Notice shall have the meanings ascribed to such terms in the *Second Amended Plan of Reorganization for TXCO Resources Inc., et al., Debtors and Debtors-in-Possession based on Sale of Debtors' Assets, as Modified* (the "Plan").

2. Copies of the Confirmation Order and the Plan may be obtained by accessing http://www.administar.net/.

3. The Plan will become effective in accordance with its terms on the date on which all conditions to the effective date of the Plan as set forth in Section 13.2 of the Plan have been satisfied or waived as provided in Section 13.4 of the Plan (the "Effective Date"). The Debtors shall file a notice of the occurrence of the Effective Date with the Bankruptcy Court, mail a copy thereof to all parties on the Limited Service List maintained in these cases, and post a copy at http://www.administar.net/.

4. In accordance with Section 11.1 of the Plan, all final requests for payment of Professional Fee Claims pursuant to Sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be filed with the Bankruptcy Court and served on the Reorganized Debtors, the undersigned counsel for the Reorganized Debtors, and any other necessary parties-in-interest no later than sixty (60) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. Holders of Professional Fee Claims who fail to timely file and serve a final request for payment shall be forever barred from seeking payment of any such Professional Fee Claims from the Estates, the Debtors or the Reorganized Debtors. Objections to such requests for payment must be filed with the Bankruptcy Court and served on the requesting Professional or other entity seeking payment, the Reorganized Debtors and the undersigned counsel for the Reorganized Debtors no later than twenty-one (21) days (or such longer period as may be allowed by order of the Bankruptcy Court) after the date on which the applicable request for payment was served.

5. In accordance with Section 11.2 of the Plan, all requests for payment of Administrative Claims, under 11 U.S.C. § 503(b) other than Professional Fee Claims, must be filed with the Bankruptcy Court and served on the Reorganized Debtors, the undersigned counsel for the Reorganized Debtors, and any other parties-in-interest no later than forty-five (45) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. Holders of Administrative Claims who fail to timely file and serve a final request for payment shall be forever barred from seeking payment of any such Administrative Claims from the Estates, the Debtors or the Reorganized Debtors. Objections to such requests for payment must be filed with the Bankruptcy Court and served on the requesting Claimant, the Reorganized Debtors and the undersigned counsel for the Reorganized Debtors no later than forty-five (45) days (or such

longer period as may be allowed by order of the Bankruptcy Court) after the date on which the applicable request for payment was served.

6. In accordance with Section 8.11 of the Plan, if the rejection by the Debtor of a contract or lease pursuant to any provision of the Plan results in a Claim, then such Claim shall be forever barred and shall not be enforceable against any Debtor or Reorganized Debtor or the properties of any of them unless a Proof of Claim is filed with the Bankruptcy Court and served upon the undersigned counsel for the Reorganized Debtors within thirty (30) days after the entry of the Confirmation Order. If a contract or lease is rejected by separate order of the Bankruptcy Court, the deadline for filing a Proof of Claim for any Claim resulting therefrom shall be set forth in such separate order.

7. When making any Cash payments under the Plan on the Effective Date or other required Distribution Date, the Debtors are not required to recognize, and may disregard without liability, any transfer of Claim that is not filed of record on the Court's docket prior to or on the Closing Date. With respect to any transfer of Claim not so timely filed, the Debtors are authorized to recognize and deal for all purposes under the Plan only with the original holder of the Claim.

Dated: January 28, 2010

Respectfully submitted,

**COX SMITH MATTHEWS INCORPORATED**
112 East Pecan Street, Suite 1800
San Antonio, TX 78205
(210) 554-5500
(210) 226-8395 (Fax)

By: */s/ Thomas Rice*
Deborah D. Williamson
Texas State Bar No. 21617500
Patrick L. Huffstickler
Texas State Bar No. 10199250
Thomas Rice
Texas State Bar No. 24025613

**ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION**